Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| RAMÓN RODRIGUEZ CLAUSELL  Recurrente  v.  DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN  Recurrido | KLRA202300313 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación  Caso Núm. CUCB-07-23  Sobre: Remedio Administrativo |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Romero García y el Juez Monge Gómez.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2023.

I.

En su comparecencia por derecho propio que intitula *Revisión Judicial Administrativa,* el confinado Ramón Rodríguez Clausell nos indica que funge como Director Musical del Programa de Música en la institución correccional donde cumple condena. Señala que, el 23 de febrero de 2023, se le acercó al Teniente Alberto Figueroa Rivera para informarle las instrucciones que les impartieron a los confinados participantes del Programa de Música, pero que este, no le permitió explicarle y le amenazó con hacerle un informe.

Alega que, el 28 de febrero de 2023, la Técnica Socio Penal lo citó y le notificó que se le había hecho un Informe por unos hechos acaecidos el 23 de febrero de 2023. A raíz de ello, se le suspendió de todas las actividades musicales y de los pases a su hogar, hasta que fuera evaluado por un psicólogo. Sostiene que, solicitó copia del Informe y se la negaron.

El 13 de marzo de 2023, Rodríguez Clausell presentó *Solicitud de Remedio Administrativo* ante la División de Remedios

Administrativos. Solicitó que, se realizara una investigación, puesto que, el Teniente Figueroa Rivera había cometido un abuso de discreción en el ejercicio de sus funciones. El 17 de marzo de 2023, la División de Remedios Administrativos emitió *Respuesta al Miembro de la Población Correccional* y desestimó la solicitud por emitir opiniones que no conllevaban remediar una situación de confinamiento.

Insatisfecho, el 18 de abril de 2023, Rodríguez Clausell instó *Solicitud de Reconsideración*. El 28 de abril de 2023, notificada el 16 de mayo de 2023, la División de Remedios Administrativos denegó la *Solicitud*. Dispuso:

> "Al examinar la totalidad del expediente administrativo concluimos confirmar y modificar la respuesta recibida por parte de la Sra. Maribel García Charriez, Evaluadora [de la] Oficina de Remedios Administrativos de Bayamón. Sr. Rodríguez, le orientamos que es importante que usted no emita opiniones en las solicitudes de remedios administrativos, sea claro y conciso en exponer lo sucedido. De otra parte, el Área de Seguridad tiene la potestad de referir al Área Médica a los miembros de la población correccional que se observen con una conducta que no sea cónsona con los parámetros establecidos en cuanto a comportamiento. De tener alguna duda puede solicitar entrevista con el Área Sociopenal".

Aún inconforme, el 12 de junio de 2023, Rodríguez Clausell acudió ante nos. Plantea:

**Primer Error:**

ERRÓ LA ADMINISTRACIÓN DE CORRECCIÓN AL SOMETERME A UN PROCESO DE FORMA CAPRICHOSA, ABUSIVA, E IRRAZONABLE, NEGANDO EL DEBIDO PROCESO DE LEY Y SIN FUNDAMENTOS QUE PUEDAN SER SOSTENIDOS POR UNA DETERMINACIÓN DE HECHOS Y CONCLUSIONES DE DERECHO. ESTO ASÍ CIERTAMENTE, REFLEJA UN ABUSO DE DISCRECIÓN.

**Segundo Error:**

ERRÓ LA ADMINISTRACIÓN DE CORRECCIÓN AL USAR SU AUTORIDAD Y "EXPERTIS" DE FORMA CAPRICHOSA Y POCO RESPONSABLE AL SOLICITAR QUE SEA EVALUADO POR UN PSICÓLOGO, SIN NINGÚN INDICIO DE YO TENER ALGÚN PROBLEMA DE SALUD MENTAL Y CON EL ÚNICO FIN DE PERJUDICAR MI PLAN INSTITUCIONAL.

**Tercer Error:**

ERRÓ LA ADMINISTRACIÓN DE CORRECCIÓN AL IMPEDIR CAPRICHOSAMENTE EL DERECHO AL DISFRUTE DEL BENEFICIO DE MI PASE FAMILIAR, TODA VEZ QUE SE TRATA DE UNA MEDIDA DE TRATAMIENTO DE LA QUE LLEVO AÑOS PARTICIPANDO Y EN LA QUE UN MÉDICO NOS EVALÚA ANTES DE SALIR HACIA NUESTROS HOGARES.

## II.

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico[1] (LPAU), dispone el alcance de la revisión judicial de las determinaciones de las agencias. Tanto la referida Ley como la jurisprudencia aplicable establecen que la función revisora de las decisiones administrativas concedida a los tribunales apelativos consiste esencialmente en determinar si la actuación de la agencia fue dictada dentro de las facultades que le fueron conferidas por ley y si la misma es legal y razonable.[2] Al respecto, es norma de derecho claramente establecida que los tribunales apelativos han de conceder gran deferencia y consideraciones a las decisiones de los organismos administrativos en vista de la vasta experiencia y conocimiento especializado.[3] Por lo tanto, los tribunales deben ser cautelosos al intervenir con las decisiones administrativas.[4]

Es por estas razones que, como principio axiomático, las decisiones de los foros administrativos están investidas de una presunción de regularidad y corrección.[5] La presunción de corrección que acarrea una decisión administrativa, deberá sostenerse por los tribunales a menos que la misma logre ser derrotada mediante la identificación de evidencia en contrario que

---

[1] Ley Núm. 38-2017.
[2] *T–JAC* v. *Caguas Centrum*, 148 DPR 70 (1999).
[3] *Mun. de San Juan* v. *Plaza Las Américas*, 169 DPR 310, 323 (2006); *Hernández Álvarez* v. *Centro Unido*, 168 DPR 592, 615–616 (2006).
[4] *Metropolitana, S.E.* v. *ARPE*, 138 DPR 200, 213 (1995); *Viajes Gallardo* v. *Clavell*, 131 DPR 275, 289–290 (1992).
[5] *García* v. *Cruz Auto Corp.*, 173 DPR 870 (2008); *Vélez* v. *ARPE,* 167 DPR 684 (2006); *Rivera Concepción* v. *ARPE,* 152 DPR 116, 123 (2000).

obre en el expediente administrativo.[6] Ello, debido a que los tribunales deben dar deferencia a las determinaciones de las agencias sobre asuntos que se encuentren dentro del área de especialidad de estas.[7]

Asimismo, al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia.[8] El estándar aplicable en las mencionadas revisiones no es si la decisión administrativa es la mejor, sino si la determinación de la agencia en cuanto a la interpretación de los reglamentos y las leyes que le incumbe implantar es razonable.[9]

III.

Examinados los planteamientos del recurso ante nos, concluimos que la respuesta brindada por la División de Remedios Administrativos al miembro de la población correccional fue adecuada. Atendió su inquietud y le explicó por qué se le refirió al área médica competente y la facultad que tenían para ello.

No habiendo error, prejuicio o parcialidad en el proceder de la Agencia recurrida, procede confirmar su determinación.

IV.

Por los fundamentos expuestos, se *confirma* el dictamen recurrido.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] *ELA.* v. *P.M.C.*, 163 DPR 478 (2004); *Misión Ind. P.R.* v. *Junta de Planificación*, 146 DPR 64, 130 (1998); *ARPE* v. *Junta de Apelaciones sobre Construcciones y Lotificaciones*, 124 DPR 858 (1989).
[7] *Rivera*, 152 DPR, pág. 116; *Fac. C. Soc. Aplicadas, Inc.* v. *C.E.S.*, 133 DPR 521 (1993).
[8] *Rebollo Vda. de Liceaga* v. *Yiyi Motors, Motor Ambar, Inc.*, 161 DPR 69 (2004).
[9] *Empresas Ferrer* v. *ARPE*, 172 DPR 254, 266 (2007); *P.C.M.E* v. *J.C.A*, 166 DPR 599, 617 (2005): *Mun. de San Juan* v. *J.C.A*, 149 DPR 263, 279-282 (1999).