Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| RIGOBERTO BEABRAUT FLORES<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400119 | *Revisión* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm. PA-129-24<br><br>Sobre: Revisión Administrativa |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de marzo de 2024.

I.

Procesado y convicto por violación a los Artículos 199 y 182 del Código Penal de Puerto Rico, el 6 de abril de 2022, Rigoberto Beabraut Flores fue sentenciado a tres (3) años de cárcel a ser cumplidos de forma concurrente. El 2 de agosto de 2022 fue trasladado del campamento Zarzal e ingresado a Ponce en custodia mínima, donde se le asignó plan institucional y fue asignado a laborar en la Brigada de Ornato del Municipio de San Germán (Brigada). El señor Beabraut Flores estuvo trabajando con la Brigada desde el 12 de agosto de 2022 hasta el 6 de febrero de 2023. Posteriormente, el 7 de marzo de 2023, fue ingresado a la institución Ponce 1,000 y se le asignó custodia protectiva y a la unidad de vivienda especial en segregación.

El 16 de octubre de 2023, recibida por el Departamento de Corrección y Rehabilitación (DCR) el 26 de octubre de 2023, el señor Beabraut Flores radicó una *Solicitud de Remedio Administrativo* (PA-829-23). Indicó que, se le había hecho entrega de varios documentos

con días de bonificación por el tiempo trabajado en la Brigada y que estos sumaban treinta y tres (33) días. Solicitó que, se ajustara su Bonificación Extraordinaria por faltar dos (2) días que fueron otorgados el 3 de agosto de 2023. Añadió, que le correspondía a la técnica de récord, solicitar esa bonificación adicional a la Administración Central para que así se pudieran completar un total de treinta y cinco (35) días de labores realizadas y no treinta y tres (33) como aparece en la hoja.

Mediante respuesta emitida el 15 de noviembre de 2023, la División de Remedios Administrativos (División) indicó a Beabraut Flores que este había acudido a entrevista de seguimiento el 1 de octubre de 2023 y que había solicitado los dos (2) días de Bonificación Extraordinaria a los que hace referencia en su *Solicitud de Remedio Administrativo.* Le explicó que la trabajadora social le había orientado de que las bonificaciones otorgadas serían evaluadas y de existir evidencia de los días solicitados le serían adjudicados.

Inconforme, el 26 de diciembre de 2023, recibida por la Agencia el 17 de enero de 2024, el señor Beabraut Flores presentó *Solicitud de Reconsideración.* El 19 de enero de 2024, la División denegó la solicitud mediante *Respuesta de Reconsideración al Miembro de la Población Correccional.* En ella le informó al reo, que, según la técnico socio penal, los dos (2) días de bonificación extraordinaria habían sido referidos a la Oficina de Programas y Servicios Región Sur para la aprobación.

Aún en desacuerdo con la determinación, el 29 de enero de 2024, Beabraut Flores presentó otra *Solicitud de Reconsideración* y una nueva *Solicitud de Remedio Administrativo* (PA-129-24). El 7 de febrero de 2024, la División emitió *Hoja Devolución Documentos a los Miembros de la Población Correccional,* en la que devuelve la *Solicitud de Reconsideración* presentada por este haber reconsiderado

anteriormente mediante la Solicitud PA-829-23 y haber recibido la respuesta correcta. El 9 de febrero de 2024, la División emitió *Respuesta al Miembro de la Población Correccional* desestimando su solicitud. Estableció que, el señor Beabraut Flores había presentado solicitudes de remedio en más de una ocasión por el mismo asunto y que había recibido respuesta.

Aún inconforme, el 27 de febrero de 2024 el señor Beabraut Flores recurrió ante nos.[1] Nos solicita que se ordene al DCR a completar sus bonificaciones por los periodos solicitados, para que estas totalicen treinta y cinco (35) días de Bonificación Extraordinaria.

II.

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico[2] (LPAU), dispone el alcance de la revisión judicial de las determinaciones de las agencias. Tanto la referida Ley como la jurisprudencia aplicable establecen que la función revisora de las decisiones administrativas concedida a los tribunales apelativos consiste esencialmente en determinar si la actuación de la agencia fue dictada dentro de las facultades que le fueron conferidas por ley y si la misma es legal y razonable.[3] Al respecto, es norma de derecho claramente establecida que los tribunales apelativos han de conceder gran deferencia y consideraciones a las decisiones de los organismos administrativos en vista de la vasta experiencia y conocimiento especializado.[4] Por lo tanto, los tribunales deben ser cautelosos al intervenir con las decisiones administrativas.[5]

---

[1] La misma fue recibida por la Secretaría del Tribunal de Apelaciones el 5 de marzo de 2024.
[2] Ley Núm. 38-2017.
[3] *T–JAC* v. *Caguas Centrum*, 148 DPR 70 (1999).
[4] *Mun. de San Juan* v. *Plaza Las Américas*, 169 DPR 310, 323 (2006); *Hernández Álvarez* v. *Centro Unido*, 168 DPR 592, 615–616 (2006).
[5] *Metropolitana, S.E.* v. *ARPE*, 138 DPR 200, 213 (1995); *Viajes Gallardo* v. *Clavell*, 131 DPR 275, 289–290 (1992).

Es por estas razones que, como principio axiomático, las decisiones de los foros administrativos están investidas de una presunción de regularidad y corrección.[6] La presunción de corrección que acarrea una decisión administrativa, deberá sostenerse por los tribunales a menos que la misma logre ser derrotada mediante la identificación de evidencia en contrario que obre en el expediente administrativo.[7] Ello, debido a que los tribunales deben dar deferencia a las determinaciones de las agencias sobre asuntos que se encuentren dentro del área de especialidad de estas.[8]

Asimismo, al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia.[9] El estándar aplicable en las mencionadas revisiones no es si la decisión administrativa es la mejor, sino si la determinación de la agencia en cuanto a la interpretación de los reglamentos y las leyes que le incumbe implantar es razonable.[10]

III.

Examinados los planteamientos del señor Beabraut Flores, entendemos que la División de Remedios Administrativos le brindó una respuesta adecuada. Atendió su inquietud y le explicó que los días de bonificaciones extraordinarias que este solicita están siendo evaluados por la Oficina de Programas y Servicios y que, de ser aprobados, serían entonces adjudicados. No habiendo error, perjuicio o parcialidad al proceder de la Agencia recurrida, procede *confirmar* su determinación.

---

[6] *García* v. *Cruz Auto Corp.*, 173 DPR 870 (2008); *Vélez* v. *ARPE*, 167 DPR 684 (2006); *Rivera Concepción* v. *ARPE*, 152 DPR 116, 123 (2000).

[7] *ELA.* v. *P.M.C.*, 163 DPR 478 (2004); *Misión Ind. P.R.* v. *Junta de Planificación*, 146 DPR 64, 130 (1998); *ARPE* v. *Junta de Apelaciones sobre Construcciones y Lotificaciones*, 124 DPR 858 (1989).

[8] *Rivera*, 152 DPR, pág. 116; *Fac. C. Soc. Aplicadas, Inc.* v. *C.E.S.*, 133 DPR 521 (1993).

[9] *Rebollo Vda. de Liceaga* v. *Yiyi Motors, Motor Ambar, Inc.*, 161 DPR 69 (2004).

[10] *Empresas Ferrer* v. *ARPE*, 172 DPR 254, 266 (2007); *P.C.M.E* v. *J.C.A*, 166 DPR 599, 617 (2005): *Mun. de San Juan* v. *J.C.A*, 149 DPR 263, 279-282 (1999).

IV.

Por los fundamentos expuestos, se *confirma* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones