Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| ADALBERTO CUADRADO RIVERA<br><br>**APELANTE**<br><br>v.<br><br>PATRICIA MIRANDA DE LEÓN<br><br>**APELADA** | KLAN202400253 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CN2021CV00077 (SALÓN 0403)<br><br>Sobre: INCUMPLIMIENTO DE CONTRATO Y OTROS |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de mayo de 2024.

La parte apelante, Adalberto Cuadrado Rivera (en adelante, señor Cuadrado Rivera o apelante), acude ante nos de una *Sentencia Parcial* emitida y notificada por el Tribunal de Primera Instancia, Sala de Carolina, el 12 de febrero de 2024, notificada el 13 del mismo mes y año. Mediante el referido dictamen, el foro primario declaró *Ha Lugar* una solicitud de sentencia sumaria presentada por la parte apelada, la Licenciada Patricia Miranda De León (en adelante, Lcda. Miranda De León o apelada), y desestimó con perjuicio una acción civil sobre nulidad de escritura pública presentada por el apelante.

Los hechos esenciales para comprender la determinación que hoy alcanzamos se incluyen a continuación.

**I**

El 15 de marzo de 2021, el señor Cuadrado Rivera incoó una *Demanda* sobre nulidad de escritura pública en contra de la Lcda. Miranda De León. En el pliego, indicó que la aludida licenciada lo representó en el caso criminal número F LE2011G0210, a cambio de

una garantía de pago que cubriera el monto de diez mil dólares ($10,000.00) por concepto de honorarios de abogado. A tales efectos, presuntamente, le manifestó a la Lcda. Miranda De León que tenía la titularidad del cincuenta por ciento (50%) de una propiedad ubicada en el Barrio Cubuy de Canóvanas. El señor Cuadrado Rivera relató que, el 14 de enero de 2012, la Lcda. Miranda De León se personó a la institución correccional en la cual se encontraba recluido, y le solicitó que firmara un documento intitulado *Escritura Número Uno (1) de Dación en Pago.* Aseveró que la referida letrada no lo orientó de las implicaciones del antedicho documento. Además, acentuó que junto a la Lcda. Miranda De León no se personó ningún notario público, sin embargo, la referida escritura detallaba que fue autorizada, el día 13 de enero de 2012, en San Juan, Puerto Rico, por el Licenciado David Daniel Rodríguez Vargas (en adelante, Lcdo. Rodríguez Vargas o notario autorizante). Arguyó que un instrumento público en el cual los comparecientes no firmaron en el mismo día natural es nulo. En virtud de lo expuesto, le suplicó al foro primario que declara nula la escritura de dación en pago.

El 7 de octubre de 2021, la Lcda. Miranda De León contestó la demanda y reconvino en contra del apelante. En su contestación a la demanda, esencialmente, sostuvo que el señor Cuadrado Rivera ofreció libre y voluntariamente su participación sobre el inmueble en cuestión. Por otro lado, en su reconvención, planteó que el señor Cuadrado Rivera incoó la presente acción de forma maliciosa y con el fin de anular un negocio jurídico legítimamente contraído. En apoyo a sus argumentos, detalló que no era la primera vez que se había intentado impugnar la escritura de dación en pago en cuestión. Subrayó que, previo a que se presentara la acción de epígrafe, se instó una querella ante el Tribunal Supremo de Puerto Rico con las mismas alegaciones esbozadas en el presente caso, y una demanda ante el tribunal de instancia, en la cual se solicitó la nulidad de la escritura

pública que nos ocupa. Al amparo de lo anterior, la Lcda. Miranda De León le peticionó al foro primario que declarara con lugar su reconvención y desestimara la *Demanda* presentada por el señor Cuadrado Rivera.

En reacción, el 15 de noviembre de 2021, el apelante contestó la reconvención. En el escrito, negó haber instado la presente acción con intención maliciosa. Sostuvo que presentó la misma con el propósito de restablecer su derecho de titularidad sobre la propiedad objeto de la escritura. Ello, puesto que el referido instrumento público era, alegadamente, nulo *ab initio* por incumplir con la formalidades y requisitos exigidos por el ordenamiento jurídico vigente.

Tras varias incidencias procesales, entre los años 2021 a 2023, el 26 de junio de 2023, el señor Cuadrado Rivera instó una moción en la cual le solicitó al foro primario que dictara sentencia sumaria y desestimara la reconvención presentada por la Lcda. Miranda De León. Esencialmente, subrayó que, aunque la escritura en cuestión detallaba que fue otorgada en San Juan, el día 13 de enero de 2012, no era posible que estuviera en el aludido municipio otorgando una escritura, puesto que, para ese entonces, se encontraba recluido en la Institución Correccional Bayamón 705. De otra parte, sostuvo que nunca ha conocido personalmente o por otros medios al presunto notario autorizante de la escritura. Así, pues, afirmó que no había disputa en cuanto a que el aludido notario no visitó la institución correccional de Bayamón en la mencionada fecha, ni le tomó su firma e iniciales con el fin de autorizar la escritura.

Para sustentar sus argumentos, el señor Cuadrado Rivera anejó a su petitorio los documentos siguientes:

1. Escritura Número Uno (1) de Dación en Pago, autorizada el 13 de enero de 2012, ante el Lcdo. Rodríguez Vargas, en la cual aparecen como partes comparecientes el señor Cuadrado Rivera y la Lcda. Miranda De León;[1]

---

[1] Apéndice del recurso, págs. 58-75.

2. Declaración Jurada del señor Cuadrado Rivera, con fecha del 26 de junio de 2023. En la misma, expresó, esencialmente, que nunca acordó con Lcda. Miranda De León cederle su participación en la propiedad en cuestión, si no que acordó proveerle una garantía de pago por los servicios legales prestados. Afirmó que nunca ha conocido al Lcdo. Rodríguez Vargas, ni ha hablado con él personalmente o por otros medios de comunicación;[2]

3. Carta suscrita por la Licenciada Carol Serrano Lebrón (en adelante, la Lcda. Serrano Lebrón), quien para entonces era la representante legal del señor Cuadrado Rivera, con fecha del 29 de noviembre de 2018, dirigida a Hilda Rivera Colón (en adelante, señora Rivera Colón), quien para la fecha era ayudante del Secretario del Departamento de Corrección. Mediante la referida misiva, la aludida licenciada solicitó una copia certificada del registro de visitas y de abogados visitantes de la Institución Correccional Bayamón 705;[3]

4. Correo electrónico con fecha del 28 de febrero de 2019, suscrito por la señora Rivera Colón, dirigido a la Lcda. Serrano Lebrón, en el cual indicó que, durante el día 13 de enero de 2012 el apelante no recibió visita de abogado;[4]

5. Copia del registro de visitas de la Institución Correccional Bayamón 705, de la cual surge que la Lcda. Miranda De León visitó al señor Rivera Colón el 14 de enero de 2012.[5]

Por su parte, el 5 de julio de 2023, la Lcda. Miranda De León, igualmente, presentó una *Solicitud de Sentencia Sumaria*. En el pliego, sostuvo que en el presente caso no había controversia en cuanto a que el señor Cuadrado Rivera ofreció como pago por los servicios legales rendidos, la titularidad que tenía sobre el cincuenta por ciento (50%) de una propiedad ubicada en el Barrio Cubuy de Canóvanas, y que, en virtud de ello, otorgó una escritura de dación en pago ante el Lcdo. Rodríguez Vargas, en la cual le cedió la titularidad de la referida propiedad. Por otro lado, afirmó que el señor Cuadrado Rivera no

---

[2] Íd. págs. 76-79.
[3] Íd. pág. 82.
[4] Íd. pág. 80.
[5] Íd. pág. 83. Cabe resaltar que el señor Cuadrado Rivera anejó, además, a su petitorio sumario, la *Sentencia* del caso civil número SJ2019CV12784. Mediante el referido dictamen se desestimó el aludido caso porque no se diligenciaron los emplazamientos expedidos dentro del término provisto para ello. Las partes en la referida acción eran idénticas a las del presente caso e, igualmente, trataba sobre nulidad de escritura pública. A su vez, incluyó a su escrito una moción en cumplimiento de una orden dictada en una querella de ética profesional con el número AB-2014-112, presentada ante nuestro Tribunal Supremo de Puerto Rico en contra de la Lcda. Miranda De León.

presentó prueba que derrotara la presunción de legalidad y corrección que gozaba el instrumento público en cuestión. Además, subrayó que, a la fecha, habían transcurrido nueve (9) años desde que las partes otorgaron la aludida escritura, de modo que la presente acción fue incoada de mala fe y en contra de los actos propios del apelante.

En apoyo a sus alegaciones, anejó a su escrito un *Informe de la Procuradora General* preparado en virtud de una querella presentada en su contra ante nuestro Tribunal Supremo de Puerto Rico (caso núm. AB-2014-112). En la misma, la referida Procuradora concluyó que, de la prueba presentada, no se podía colegir que el señor Cuadrado Rivera realizó el pago en concepto de honorarios de abogados mediante una escritura de dación de pago por coacción de la Lcda. Miranda De León, ni que la letrada incurrió en una violación a los Cánones de Ética Profesional.[6] Además, anejó a su petitorio sumario, una *Certificación Registral de Propiedad Inmueble* emitida por el registrador Luis León Freire, de la cual surge que la finca número 18,494, ubicada en Canóvanas, estaba inscrita en comunidad de bienes, compuesta por Dolores García Camilo, ex esposa del señor Cuadrado Rivera, y la Lcda. Miranda De León. A su vez, la referida certificación, indicaba que la aludida letrada adquirió la participación sobre el cincuenta por ciento (50%) de la antedicha finca, por dación en pago, mediante la Escritura Núm. Uno (1), otorgada el 13 de enero de 2012, ante el Lcdo. Rodríguez Vargas.[7]

Posteriormente, el 17 de julio de 2023, la Lcda. Miranda De León presentó oposición a la solicitud de sentencia sumaria presentada por el señor Cuadrado Rivera. En el escrito, insistió que el

---

[6] Apéndice del recurso, pág. 117.

[7] Apéndice del recurso, pág. 126. Precisa señalar que la Lcda. Miranda De León anejó, además, a su solicitud de sentencia sumaria, una captura de pantalla de la página web del Poder Judicial de Puerto Rico, de la cual surge el estatus del caso criminal K VI2011G0061, en el cual el señor Cuadrado Rivera era la parte demandada; la Escritura Núm. Uno (1) de Dación en Pago, autorizada el 13 de enero de 2012; cuatro (4) señalamientos de vista preliminar del caso número VP2011-4001, y la *Resolución* del tribunal en la vista preliminar del antedicho caso, celebrada el 1 de diciembre de 2011.

instrumento público en cuestión gozaba de una presunción de corrección y legalidad, dado a que cumplía con todos los requisitos de forma de la Ley Notarial; entre ellos, la firma de todos los otorgantes y del notario autorizante. Además, resaltó que la escritura de dación en pago fue inscrita en el Registro de la Propiedad. Al amparo de lo expuesto, la Lcda. Miranda De León sostuvo que el tribunal de instancia debía declarar sin lugar la solicitud de sentencia sumaria presentada por el señor Cuadrado Rivera.

Para sustentar sus argumentos, la Lcda. Miranda De León anejó a su escrito los documentos que incluyó con su solicitud de sentencia sumaria. A su vez, anexó a su oposición una declaración jurada del Lcdo. Rodríguez Vargas con fecha del 28 de junio de 2023. En la misma, el letrado manifestó que, el día 13 de enero de 2012, otorgó la Escritura Núm. (1) sobre Dación en Pago. A su vez, afirmó que, ese mismo día, se personó a la institución carcelaria de Bayamón para obtener la firma del señor Cuadrado Rivera, y que posteriormente, durante ese día, tomó las iniciales y la firma de la Lcda. Miranda De León.[8] De otra parte, la apelada incluyó a su escrito una misiva suscrita por ella, dirigida a la exesposa del señor Cuadrado Rivera, con fecha del 20 de marzo de 2013. En la referida misiva, le solicitó a la exesposa del apelante que se comunicara con ella para dialogar sobre la propiedad ubicada en Canóvanas. Además, indicó que no le interesaba retener la propiedad y que era su intención disponer de su partición sobre la misma.[9]

El 26 de julio de 2023, el señor Cuadrado Rivera se opuso a la solicitud de sentencia sumaria incoada por la Lcda. Miranda De León. Principalmente, sostuvo que aún existía controversia en cuanto a si se ofreció la propiedad en cuestión en garantía o como pago por los servicios legales provistos por la aludida licenciada. Por otra parte,

---

[8] Apéndice del recurso, pág. 153.
[9] Íd., pág. 159.

afirmó que todavía había disputa sobre si el notario autorizante de la escritura que nos ocupa se personó el día 13 de enero de 2012 en la Institución Carcelaria Bayamón 705. Subrayó que, aunque el Lcdo. Rodríguez Vargas afirmó mediante una declaración jurada que ese día visitó la antedicha institución y obtuvo su firma, el Departamento de Corrección y Rehabilitación le remitió una comunicación en la que certificó que no tuvo visita de abogado durante la fecha mencionada. Así, pues, el señor Cuadrado Rivera le suplicó al tribunal de instancia que declarara sin lugar la solicitud de sentencia sumaria presentada por la Lcda. Miranda De León.[10]

Evaluadas las posturas de las partes, el 18 de septiembre de 2023, notificada el 19 del mismo mes y año, el tribunal de instancia emitió una *Resolución* en atención a la solicitud de sentencia sumaria presentada por el señor Cuadrado Rivera. Mediante el referido dictamen, declaró *No Ha Lugar* la antedicha solicitud. El aludido foro concluyó que existía controversia real en cuanto a si el señor Cuadrado Rivera: (1) estuvo en San Juan, Puerto Rico, el día 13 de enero de 2012, como alega la escritura; (2) firmó la escritura de dación en pago ante el Lcdo. Rodríguez Vargas en la fecha antes mencionada, y (3) si tuvo visita en la referida fecha de algún abogado en la Institución Correccional Bayamón 705. Igualmente, el tribunal razonó que las antedichas controversias giraban en torno a elementos subjetivos, de intención, propósitos mentales, negligencia y credibilidad, de modo que era necesario atenderlas en un juicio plenario.[11]

Inconforme, el 4 de octubre de 2023, el señor Cuadrado Rivera le solicitó al foro primario que reconsiderara el dictamen antes mencionado. Examinada la solicitud, el 1 de diciembre de 2023,

---

[10] El apelante anejó a su escrito, el caso civil FBCI2015-0854 sobre disolución de comunidad de bienes y en cobro de dinero, presentado en marzo de 2015 por su exesposa, en contra de la Lcda. Miranda De León. A su vez, anejó la *Sentencia* emitida el 22 de febrero de 2018 en el referido caso, mediante la cual se desestimó la acción por no haberse realizado trámite alguno durante seis (6) meses.
[11] Apéndice del recurso, pág. 221.

notificada el 5 del mismo mes y año, el tribunal de instancia la declaró *No Ha Lugar*.

El 12 de febrero de 2024, notificada el 12 del mismo mes y año, el foro primario emitió una *Sentencia Parcial* en atención a la solicitud de sentencia sumaria presentada por la Lcda. Miranda De León. Mediante la misma, coligió que los hechos siguientes no estaban en controversia:

1. La parte demandada representó legalmente a la parte demandante en el caso criminal FLE2011G0210.

2. Coetáneo al procedimiento criminal que enfrentaba el demandante, se le presentó acusación en el Tribunal de Primera Instancia, Sala Superior de San Juan bajo el número de caso KVI2011G0061.

3. Luego de varios pormenores procesales, las partes llegaron a un acuerdo por honorarios profesionales.

4. Como parte del acuerdo alcanzado, el demandante ofreció como pago su participación en cierta propiedad inmueble de la cual era dueño en común pro-indiviso con la Sra. Dolores García.

5. A raíz del acuerdo alcanzado, se otorgó la Escritura en Dación en Pago el 13 de enero de 2012.

6. Que para el otorgamiento el notario se personó a la institución correccional para obtener la firma del Sr. Adalberto Cuadrado, según acordado. **Sobre este particular el Tribunal tomó en cuenta la declaración jurada suscrita por el Notario Público David Daniel Rodríguez Vargas, que el funcionario que otorgó la Escritura en Dación en Pago el 13 de enero de 2012.**

7. El documento cumplió con todos los requisitos de la Ley Notarial, por lo cual una vez presentado en el Registro de la Propiedad, el mismo fue calificado e inscrito sin señalamiento alguno.

8. Que la obra notarial del notario autorizante fue inspeccionada y aprobada.

9. Que la codueña de la propiedad en cuestión, Dolores García, presentó una querella contra la infrascrita en el Tribunal Supremo (AB-2014-112 ante su descontento por la cesión de Adalberto Cuadrado de su participación sobre la propiedad y las gestiones iniciadas para la liquidación de nuestra participación.

10. Que, en 11 de diciembre de 2019, la parte demandante radicó el caso SJ2019CV12784, sobre Nulidad de Escritura Pública en contra de la parte compareciente y sobre el cual se dictó Sentencia el 17 de

marzo de 2021, desestimando la misma sin perjuicio. (Énfasis en el original).

Establecido lo anterior, el juzgador concluyó que el señor Cuadrado Rivera no presentó evidencia admisible suficiente para rebatir la presunción de veracidad, autenticidad y legalidad que cobija a los instrumentos públicos. Particularmente, determinó que, tomando en cuenta la declaración jurada suscrita por el Lcdo. Rodríguez Vargas, el aludido letrado se personó, el 13 de enero de 2012, en la intuición correccional en la cual se encontraba el señor Cuadrado Rivera para obtener su firma, y, así, autorizar la escritura de dación en pago en cuestión.[12] Así, pues, el tribunal primario declaró con lugar la sentencia sumaria incoada por la Lcda. Miranda De León y desestimó la acción de epígrafe con perjuicio.

En desacuerdo, la parte apelante acudió a esta Curia a través del presente recurso. En el mismo, realizó los planteamientos siguientes:

> Erró el Tribunal de Primera Instancia al dictar sentencia sumaria a favor de la parte demandada a pesar de que existen controversias de hechos sustentados por los documentos que obran en el expediente, que corresponde dirimirse mediante juicio plenario como previamente había resuelto mediante resolución el mismo Tribunal de Primera Instancia.

> Erró el Tribunal de Primera Instancia al desestimar la demanda con perjuicio.

Evaluado el recurso, ordenamos a la parte apelada a presentar su alegato conforme dispone la Regla 22 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 22.

En cumplimiento con lo ordenado, el 15 de abril de 2024, la parte apelada presentó su alegato en oposición.

Habiendo examinado el expediente que nos ocupa, procedemos a delimitar el trasfondo normativo aplicable.

---

[12] Apéndice del recurso, pág. 247.

## II

### Sentencia Sumaria

La sentencia sumaria promueve una solución justa, rápida y económica para litigios de naturaleza civil en los que no hay controversia genuina sobre hechos materiales que componen la causa de acción. *Birriel Colón v. Econo y otros*, 2023 TSPR 120, 213 DPR ___ (2023); *Acevedo y otros v. Depto. Hacienda y otros,* 2023 TSPR 80, 212 DPR ___ (2023); *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019). La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, establece que la sentencia sumaria procede cuando las alegaciones, deposiciones y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia, acreditan que no existe una controversia real y sustancial respecto a algún hecho esencial y material. *González Santiago v. Baxter Healthcare,* supra, pág. 291.

El tribunal podrá dictar sentencia sumaria a favor del promovente, sin necesidad de celebrar un juicio, si no existe controversia de los hechos materiales que motivaron el pleito y únicamente resta aplicar el derecho a los no controvertidos. *González Meléndez v. Mun. San Juan et al.,* 2023 TSPR 95, 212 DPR ___ (2023)*; Acevedo y otros v. Depto. Hacienda y otros,* supra; *Roldán Flores v. Soto Lambert,* 199 DPR 664, 676 (2018). La sentencia sumaria únicamente procede cuando el derecho aplicable lo justifica. La Regla 36.3 de Procedimiento Civil, *supra*, dispone los requisitos con los que debe cumplir una moción de sentencia sumaria. *Oriental Bank v. Perapi et al.,* 192 DPR 7, 25 (2014).

La parte promovente de la moción de sentencia sumaria tiene que desglosar los hechos sobre los que alega no existe controversia. Además de especificar para cada uno la página o párrafo de la declaración jurada u otra prueba admisible en evidencia que lo apoya. *Roldán Flores v. Soto Lambert,* supra, pág. 676; *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010). Mientras que, la parte que se

opone a una moción de sentencia sumaria tiene que demostrar que existe controversia en cuanto a algún hecho material. Se considera un hecho material aquel que pueda afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Roldán Flores v. Soto Lambert*, supra. Para ello, el promovido deberá presentar una contestación detallada y específica, y refutar los hechos que entiende que están en disputa con evidencia sustancial. *Birriel Colón v. Econo y otros*, supra; *Abrams Rivera v. E.L.A.*, 178 DPR 914, 933 (2010). Si, al contrario, asume una actitud pasiva y descansa únicamente en sus alegaciones, se expone a que se dicte sentencia sumaria en su contra sin la oportunidad de un juicio en su fondo. *León Torres v. Rivera Lebrón*, 204 DPR 20, 43-44 (2020).

Cualquier duda no es suficiente para derrotar la procedencia de una moción de sentencia sumaria. La duda existente tiene que permitir concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes. Los tribunales solo podemos concluir que existe una controversia real y sustancial en cuanto a un hecho material, cuando el oponente presenta prueba que podría inducir a un juzgador racional a resolver a su favor. *Oriental Bank v. Perapi et al.,* supra, pág. 26.

La sentencia sumaria tampoco procede, si existen alegaciones afirmativas en la demanda que no han sido refutadas y de los documentos que acompañan la moción de sentencia sumaria surge controversia sobre algún hecho material y esencial, o cuando como cuestión de derecho no procede el remedio sumario. *Oriental Bank v. Perapi et al.,* supra, págs. 26-27.

**Ahora bien, es menester apuntalar que hay litigios y controversias en las que no conviene que el tribunal resuelva sumariamente. Ello, debido a que difícilmente en tales casos el tribunal puede reunir ante sí toda la verdad de los hechos a través de declaraciones juradas o deposiciones. Como, por**

**ejemplo, en controversias en las que partes someten versiones incompatibles y el factor de credibilidad juega un papel fundamental.** *Cruz Cruz y otras v. Casa Bella Corp. y otros*, 2024 TSPR 47, 213 DPR ___ (2024); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 463 (2013); *E.L.A. v. P.M.C.,* 163 DPR 478, 489 (2004).

El tribunal apelativo utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria. No obstante, al revisar la determinación del Tribunal de Primera Instancia, únicamente podrá considerar los documentos que se presentaron ante ese foro. Las partes no podrán traer en apelación evidencia que no fue presentada oportunamente ante el Tribunal de Primera Instancia, ni esbozar teorías nuevas o esgrimir asuntos nuevos. El tribunal apelativo únicamente puede determinar si existe o no alguna controversia genuina de hechos materiales y esenciales y si el derecho se aplicó correctamente. Sin embargo, no puede adjudicar hechos materiales en disputa porque esa tarea es del foro de primera instancia. *Meléndez González v. M. Cuebas*, 193 DPR 100, 114, 116 (2015).

**III**

La parte apelante cuestiona la determinación del tribunal de instancia de declarar con lugar la solicitud de sentencia sumaria presentada por la parte apelada y desestimar su *Demanda* con perjuicio. Luego de revisar de *novo* el expediente ante nuestra consideración, según requiere la normativa antes expuesta, colegimos que nuestra intervención es necesaria, porque un análisis de la totalidad de la prueba nos convence de que el juzgador incidió en su determinación.

En el presente caso, las partes de epígrafe sometieron versiones incompatibles entre sí. Por un lado, el apelante afirmó que el Lcdo. Rodríguez Vargas no visitó la Institución Correccional Bayamón 705, el día 13 de enero de 2012, para tomarle su firma e iniciales, con el

fin de autorizar la Escritura Núm. Uno (1) de Dación en Pago. Para sustentar esta alegación, anejó a su solicitud de sentencia sumaria un correo electrónico, con fecha del 28 de febrero de 2019, suscrito por quien era, para ese entonces, la ayudante del Secretario del Departamento de Corrección. En el mismo, se indicó que, durante el día 13 de enero de 2012, el apelante no recibió visita de abogado. Igualmente, el apelante anejó a la aludida solicitud copia del registro de visitas de la Institución Correccional Bayamón 705, de la cual no surge que el referido letrado visitó al señor Cuadrado Colón.

De otra parte, la apelada, apoyada en una declaración jurada suscrita por el Lcdo. Rodríguez Vargas, con fecha del 28 de junio de 2023, aseveró que el antedicho abogado se personó, el 13 de enero de 2012, a la institución en la cual se encontraba el apelante y autorizó la escritura en cuestión.

Ante dos versiones incompatibles, coincidimos con lo reseñado por el foro primario en su *Resolución*, notificada el 19 de septiembre de 2023, en cuanto a que la controversia, sobre si el Lcdo. Rodríguez Vargas visitó al apelante a la aludida institución correccional para autorizar la escritura que nos ocupa, gira en torno a elementos de credibilidad. Así, pues, era necesario atenderla en un juicio plenario y no mediante una sentencia sumaria.[13]

En virtud de lo anterior, concluimos que el tribunal primario erró al declarar con lugar la solicitud de sentencia sumaria y desestimar la presente acción. Según esbozamos, al evaluar una solicitud de sentencia sumaria, el tribunal no puede dirimir asuntos de credibilidad relacionados con hechos esenciales. *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 463. Quedan controvertidos los hechos número 4, 5, 6 y 7 de la Sentencia Parcial.

---

[13] Apéndice del recurso, pág. 221.

**IV**

Por los fundamentos esbozados, se revoca la *Sentencia Parcial* apelada y se devuelve al tribunal de instancia para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones