ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| JOSÉ A. SÁNCHEZ ROA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400303 | *Revisión* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm. ICG-385-2024<br><br>Sobre: Revisión Administrativa |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de julio de 2024.

I.

El 11 de marzo de 2024, el Sr. José Abner Sánchez Roa presentó una *Solicitud de Remedio Administrativo* ante la División de Remedio Administrativo del Departamento de Corrección y Rehabilitación (DCR). Solicitó ser referido e integrado en el Proyecto para la Pre-Reinserción a la libre comunidad fundamentándose en la Orden Administrativa DCR 2023-03 y el caso resuelto por este Foro intermedio KLRA202300545.[1]

El 20 de marzo de 2024, notificada el 21, el DCR emitió *Respuesta al miembro de la población correccional*. Al respecto, determinó lo siguiente:

El 3 de enero de 2024 se le dio respuesta al remedio administrativo: ICG-1902-2023,[2] donde se plantea la

---

[1] *Reyes Sierra* v. *Departamento de Corrección y Rehabilitación*, KLRA202300545, en la pág. 14 (22 de enero de 2024) (La controversia de este caso versa sobre la denegación de la solicitud de reconsideración presentada por el señor Reyes Sierra referente al Proyecto de Pre- Reinserción a la libre Comunidad y denegada por el DCR habiendo realizado la evaluación bajo la antigua Orden Administrativa estando vigente la nueva Orden Administrativa DCR 2023-03).

[2] Anejos V-VIII del recurso, págs.7-12 (Surge del expediente del caso que el 29 de diciembre de 2023 el señor Sánchez Roa presentó Solicitud de Remedio Administrativo solicitando ser referido para la concesión de pases iniciales sin custodia. Se le otorgó al referido Remedio Administrativo el número: ICG-1902-23. El DCR emitió respuesta el 12 de enero de 2024 y notificada el 11 de enero de 2024. El DCR respondió entre otras cosas que el señor Sánchez Roa debe

misma situación que plantea en este remedio. Usted sabe que en cuanto culmine su tratamiento de Aprendiendo a vivir sin violencia y conste el certificado será referido para investigación de los **pases al hogar y el programa de reinserción**.[3]

Insatisfecho con la respuesta emitida por el DCR, el 10 de abril de 2024, el señor Sánchez Roa sometió una *Solicitud de Reconsideración*. Alegó que no estaba conforme con la respuesta emitida, y solicitó ser referido e integrado al Proyecto Pre-Reinserción a la libre comunidad, según la Orden Administrativa[4] y el caso KLRA202300545. Arguyó, además, que, el proceso de evaluación toma algún tiempo luego de ser referido a dicho programa y que, entretanto, él habrá terminado sus terapias.

Posteriormente, el 30 de abril de 2024, el DCR emitió *Respuesta de Reconsideración al miembro de la población correccional.* Dispuso:

> Respecto a su solicitud de reconsideración, [d]ialogado con la supervisora del área Socio penal, por la razón que expuso en la reconsideración, tiene mucha relación a la reconsideración (lCG-385-2024). **Ya que los criterios de elegibilidad para participar en el proyecto para la Pre-Reinserción a la Libre comunidad establecen unos requisitos que debe de exhibir el solicitante(usted). Le expondré algunos de ellos para que usted entienda que tienen que pasar por unos procesos, requisitos primero para ser evaluado a cualquier programa, uno de estos es; beneficiarse de tratamiento, cumplir con su Plan Institucional**, presentar buenos ajustes, tienen que evaluar que usted no constituya un riesgo para su propia seguridad, para la comunidad, victimas o partes perjudicadas. Esto quiere decir que toda persona convicta de delito grave tiene que pasar por unas disposiciones de la Agencia.[5]

---

completar las terapias de Aprendiendo a vivir sin violencia antes de ser referido para investigación. El 25 de enero de 2024 el señor Sánchez Roa presentó Solicitud de Reconsideración y el 26 de enero de DCR emitió Respuesta de reconsideración al miembro de la población correccional denegando la petición ya que, entre otros fundamentos, es imprescindible que el señor Sánchez Roa tenga los certificados requeridos).

[3] Anejo II del recurso, pág. 3 (Énfasis nuestro).
[4] Orden Administrativa DCR-2023-03.
[5] Anejo IV del recurso, pág. 6 (Énfasis nuestro).

Aún inconforme, el 21 de mayo de 2024, el señor Sánchez Roa acudió ante nos por derecho propio, mediante *Solicitud de Revisión de Decisión Administrativa.*[6] Plantea:

**Primer Error:**
**ERRÓ EL D.C.R. AL NO BASAR SU DETERMINACI[Ó]N EN EVIDENCIA SUSTANCIAL QUE OBRA EN EL EXPEDIENTE.**

**Segundo Error:**
**ERRÓ EN LA APLICACI[Ó]N E INTERPRETACI[Ó]N DE LAS LEYES Y LOS REGLAMENTOS QUE SE LE HA ENCOMENDADO ADMINISTRAR, LESIONANDO AS[Í] LOS DERECHOS FUNDAMENTALES DEL RECURRENTE, AL ACTUAR AS[Í] ARBITRARIA[MENTE].**

Por estar relacionados entre sí, discutiremos en conjunto los dos (2) errores planteados por el señor Sánchez Roa.

## II.

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico[7] (LPAU), dispone el alcance de la revisión judicial de las determinaciones de las agencias. Tanto la referida Ley como la jurisprudencia aplicable establecen que la función revisora de las decisiones administrativas concedida a los tribunales apelativos consiste esencialmente en determinar si la actuación de la agencia fue dictada dentro de las facultades que le fueron conferidas por ley y si la misma es legal y razonable.[8] Al respecto, es norma de derecho claramente establecida que los tribunales apelativos han de conceder gran deferencia y consideraciones a las decisiones de los organismos administrativos en vista de la vasta experiencia y conocimiento especializado.[9] Por lo tanto, los

---

[6] En cuanto a la *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia,* presentada por el señor Sánchez Roa el 7 de junio de 2024, Ha Lugar.
[7] Ley Núm. 38-2017 (3 LPRA § 9601 et. seq.).
[8] *T–JAC* v. *Caguas Centrum*, 148 DPR 70 (1999).
[9] *Mun. de San Juan* v. *Plaza Las Américas,* 169 DPR 310, 323 (2006); *Hernández Álvarez* v. *Centro Unido,* 168 DPR 592, 615–616 (2006).

tribunales deben ser cautelosos al intervenir con las decisiones administrativas.[10]

Es por estas razones que, como principio axiomático, las decisiones de los foros administrativos están investidas de una presunción de regularidad y corrección.[11] La presunción de corrección que acarrea una decisión administrativa deberá sostenerse por los tribunales a menos que la misma logre ser derrotada mediante la identificación de evidencia en contrario que obre en el expediente administrativo.[12] Ello, debido a que los tribunales deben dar deferencia a las determinaciones de las agencias sobre asuntos que se encuentren dentro del área de especialidad de estas.[13]

Asimismo, al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia.[14] El estándar aplicable en las mencionadas revisiones no es si la decisión administrativa es la mejor, sino si la determinación de la agencia en cuanto a la interpretación de los reglamentos y las leyes que le incumbe implantar es razonable.[15]

Por otro lado, según la Orden Administrativa DCR 2023-03 el procedimiento para la concesión de la participación en el Proyecto Pre-Reinserción a la libre comunidad es el siguiente:

1. Los Técnicos de Servicios Sociopenales de las Instituciones Correccionales **serán responsables de evaluar los expedientes de los confinados e identificar los casos favorables**.
2. Si del estudio y análisis del caso se determina que el miembro de la población correccional es un candidato potencial para que se le conceda el

---

[10] *Metropolitana, S.E.* v. *ARPE*, 138 DPR 200, 213 (1995); *Viajes Gallardo* v. *Clavell*, 131 DPR 275, 289–290 (1992).

[11] *García* v. *Cruz Auto Corp.*, 173 DPR 870 (2008); *Vélez* v. *ARPE*, 167 DPR 684 (2006); *Rivera Concepción* v. *ARPE*, 152 DPR 116, 123 (2000).

[12] *ELA.* v. *P.M.C.*, 163 DPR 478 (2004); *Misión Ind. P.R.* v. *Junta de Planificación*, 146 DPR 64, 130 (1998); *ARPE* v. *Junta de Apelaciones sobre Construcciones y Lotificaciones*, 124 DPR 858 (1989).

[13] *Rivera* v. DPR 116, a la pág. 123; *Fac. C. Soc. Aplicadas, Inc.* v. *C.E.S.*, 133 DPR 521 (1993).

[14] *Rebollo Vda. de Liceaga* v. *Yiyi Motors, Motor Ambar, Inc.*, 161 DPR 69 (2004).

[15] *Empresas Ferrer* v. *ARPE*, 172 DPR 254, 266 (2007); *P.C.M.E* v. *J.C.A*, 166 DPR 599, 617 (2005): *Mun. de San Juan* v. *J.C.A*, 149 DPR 263, 279-282 (1999).

beneficio de participar del Proyecto, **el Técnico de Servicios Sociopenales preparará un informe y presentará el caso ante el Comité de Clasificación y Tratamiento, utilizando el formulario correspondiente para oficializar el referido**. Además, referirá copia del mismo formulario al Negociado de Programas Especiales y de Rehabilitación para la investigación correspondiente, en conjunto con el Formulario establecido para el Plan de Salida.

3. **Una vez recibida la investigación, el Comité de Clasificación y Tratamiento, someterá al Secretario Auxiliar de Programas y Servicios sus recomendaciones al respecto**, anejando copia de la liquidación de sentencia actualizada, evidencia de los tratamientos completados, evaluaciones psicológicas y el informe final del Negociado de Evaluación y Tratamiento, si corresponde.[16]

[…]

A su vez, conforme a los criterios de elegibilidad expuestos en la sección IV en los incisos ocho (8), diez (10) y trece (13) de dicha Orden Administrativa[17] la persona confinada debe cumplir con los siguientes requisitos:

8. **Debe estar cumpliendo con el Plan Institucional asignado favorablemente y presentar buenos ajustes institucionales. Esto debe estar certificado por el Técnico de Servicios Sociopenales y contar con el visto bueno del supervisor.**

[…]

10. **En los casos de los miembros de la población correccional convictos por infracción a la Ley Núm. 54 del 15 de agosto de 1989, conocida como la "Ley para la Prevención e Intervención con la Violencia Doméstica" o de algún delito de naturaleza sexual, previo a ser considerados para participar del Proyecto, deberán haberse beneficiado del programa Aprendiendo a Vivir Sin Violencia y contar con la recomendación favorable del terapista/ psicólogo.**

[…]

13. **No constituir un riesgo para su propia seguridad, la de sus compañeros, la comunidad y las víctimas o partes perjudicadas.**[18]

---

[16] Orden Administrativa DCR-2023-03, Sección IV (C) (1)- (3), págs. 6-8 (Énfasis nuestro).
[17] Orden Administrativa DCR-2023-03, págs. 4-6 (Énfasis nuestro).
[18] *Íd.*

III.

Examinados los planteamientos del recurso ante nos, concluimos que la respuesta brindada por la División de Remedios Administrativos al miembro de la población correccional fue adecuada. Al denegar el Remedio Administrativo el DCR le expresó al señor Sánchez Roa los criterios de elegibilidad necesarios para pertenecer al Proyecto Pre-Reinserción a la libre comunidad conforme la Orden Administrativa DCR-2023-03.

De acuerdo con el procedimiento para la concesión de la participación en el Proyecto Pre-Reinserción a la libre comunidad, es el Técnico(a) Sociopenal quien tiene la responsabilidad de evaluar los expedientes de los confinados e identificar los casos favorables a tenor de los criterios delimitados en la referida Orden Administrativa.[19] Es por ello que entre los criterios de elegibilidad, es indispensable que el señor Sánchez Roa cumpla con su Plan Institucional, y en su caso, además, debe cumplir con el programa "Aprendiendo a vivir sin violencia" y tener una recomendación favorable del terapista/psicólogo.[20] Por lo tanto, no es sino hasta haber cumplido con los criterios de elegibilidad antes expuestos y demás requeridos en la Orden Administrativa DCR-2023-03, que el expediente del señor Sánchez Roa puede ser evaluado por el Técnico(a) Sociopenal para determinar si él es un candidato potencial para el Proyecto Pre-Reinserción a la libre comunidad.

No habiendo error, prejuicio o parcialidad en el proceder de la Agencia recurrida, procede *confirmar* su determinación.

IV.

Por los fundamentos expuestos, se *confirma* el dictamen recurrido.

---

[19] Orden Administrativa DCR-2023-03, Sección IV (A) (1)- (16), págs. 3-6.
[20] Luego de una investigación en el sistema de Consulta de Casos del Poder Judicial constatamos que el señor Sánchez Roa está condenado por violación al Artículo 113 Aborto por Fuerza o violencia del Código Penal de Puerto Rico de 2004 (derogado 2012).

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones