Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| VÍCTOR RODRÍGUEZ MARQUEZ<br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE EDUCACIÓN<br>Recurrida | KLRA202400227 | *Revisión Judicial* procedente de la Oficina de Apelaciones del Sistema de Educación<br><br>Caso Núm. 2016-08-0264<br><br>Sobre: Reclutamiento y Selección |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece el señor Víctor Rodríguez Márquez (señor Rodríguez Márquez o recurrente), mediante recurso de *revisión judicial*, solicitando que revoquemos la *Resolución Sumaria* emitida por la Oficina de Apelaciones del Sistema de Educación (OASE), el 29 de febrero de 2024. En su determinación, OASE declaró *No Ha Lugar* la *Apelación* presentada por el recurrente y dispuso que este no había puesto al Departamento de Educación (DE o agencia recurrida) en posición de conceder el remedio solicitado, por lo que decretó el cierre y el archivo del caso.

Tras evaluar los asuntos ante nuestra consideración, hemos determinado *Confirmar* la determinación de la OASE.

**I. Resumen del tracto procesal**

El 16 de junio de 2016, el señor Rodríguez Márquez presentó ante la agencia recurrida una *Solicitud de Cambio de Estatus a Permanente,* al amparo de la *Ley para Regular la Permanencia de Maestro*, *infra*. En

NÚMERO IDENTIFICADOR

SEN2024_____

síntesis, arguyó que cumplía con todos los requisitos que la referida Ley establecía para que se le concediera el estatus de empleado permanente, pues poseía experiencia en la categoría de Trabajador Social, había trabajado para el DE desde el 2008 hasta el 2016, ocupando un puesto con estatus transitorio consecutivamente, y contaba con evaluaciones satisfactorias durante dicho término. Junto a esta *Solicitud* el recurrente acompañó varios documentos pertinentes a los hechos que alegó.

En respuesta, el 1 de julio de 2016, el DE le remitió una *Notificación de Solicitud de Reclamo sobre Elegibilidad para Otorgación de Estatus Permanente conforme a la Ley 312 de 15 de mayo de 1938, según enmendada.* En esta, la agencia recurrida le informó al señor Rodríguez Márquez que denegaba su solicitud de permanencia, debido a que tenía una querella activa en la División Legal del DE.

Inconforme, el 15 de agosto de 2016, el recurrente presentó una *Apelación* ante la Comisión Apelativa del Servicio Público (CASP). Adujo que el DE le había violentado el debido proceso de ley al denegar su derecho al cambio de estatus permanente, a pesar de haber cumplido con los requisitos estatutarios para ello, y formar parte del Registro de Elegibles. En específico, respecto a los requisitos estatutarios, aseveró contar con una licencia para trabajar en el DE desde el 2008, y tres evaluaciones satisfactorias en dichos periodos, acompañando los documentos demostrativos de ello. A tenor, solicitó que el foro administrativo proveyera los remedios procedentes.

Por su parte, el 30 de agosto de 2016, el DE presentó *Contestación a Apelación.*

Luego de atendidos varios trámites procesales, incluyendo el traslado del caso de la CASP a la OASE, y transcurrido tiempo considerable sin que fuera dilucidada la controversia presentada, el 14 de febrero de 2023, el señor Rodríguez Márquez presentó una *Moción Solicitud de*

*Resolución Sumaria.* En la sección que dedicó a la *Exposición breve de las alegaciones de la parte apelante[1],* enumeró una serie de hechos, acompañando evidencia documental pertinente en algunos de estos. Luego, procedió a citar la *Ley de permanencia de Maestros,* infra, junto al *Reglamento de Personal Docente,* infra, concluyendo que había cumplido con cada uno de los requisitos legales necesarios para que el DE le otorgara el estatus permanente solicitado.

El DE no presentó moción en oposición a resolución sumaria.

Sin embargo, el 26 de junio de 2023, la agencia recurrida presentó una *Moción en Solicitud de Desestimación por Academicidad.* Según lo indica el título de esta moción, el DE arguyó que la causa de acción instada por el recurrente se había tornado en académica, pues el propósito de su solicitud, que se le otorgara el estatus de permanencia, había sido cumplido al concedérsele dicho estatus en el 2022.

Esto último provocó que, el 29 de junio de 2023, el recurrente presentara *Moción Oposición Solicitud de Desestimación por Academicidad y Solicitud de Determinación.* Opuso a la petición de desestimación que, aunque sí se le había otorgado la permanencia en el 2022, esto no tornaba la controversia en académica, pues el estatus de permanente se debía retrotraer a la fecha en que cumplió con los requisitos legales para ello, en el 2016, año en que presentó la solicitud de cambio de estatus.

Entonces, requerido por el foro administrativo para que se expresara sobre la petición de retroactividad del nombramiento permanente esgrimido por el recurrente, el DE instó *Moción en cumplimiento de orden, sometiendo memorando de derecho y reiterando solicitud de desestimación.* A juicio del DE no procedía la retroactividad del nombramiento reclamada por el recurrente, por tratarse de un intento inoportuno de enmendar la apelación instada en el 2016.

---

[1] Anejo VII del apéndice del recurso de *revisión judicial*, pág. 42.

Es así como, una vez evaluadas las mociones presentadas por las partes, la OASE dictó *Resolución Sumaria,* denegando la solicitud de desestimación por academicidad, pero declarando *No Ha Lugar* la *Apelación* del recurrente y ordenando su cierre y archivo. Como parte de la referida *Resolución,* la OASE enumeró los siguientes hechos identificándolos como incontrovertidos:

1. El apelante, Víctor Rodríguez Márquez trabaja para el Departamento como Trabajador Social Escolar.

2. El apelante, aunque ha mencionado que labora en la agencia desde el 2008 en puestos transitorios, solo presentó informes de cambio o evaluaciones correspondientes a las siguientes fechas: 2008-2009 en la Escuela Superior Trina Padilla de Sanz; Centro de Servicios de Educación Especial de la Región de San Juan para el año escolar 2013-2014; en el año escolar 2014-2015 en la Escuela de la Comunidad Manuel A. Pérez, Distrito San Juan II; Centro Eugenio María de Hostos en el Distrito Escolar de San Juan (I, II) para el año escolar 2015-2016; para el año escolar 2017-2018 Escuela Ángel Ramos del Distrito Escolar de San Juan (III, IV, V).

3. De los documentos sometidos, el apelante tiene una evaluación correspondiente al año escolar 2013-2014 cuando laboraba en el Centro de Servicios de Educación Especial; una evaluación correspondiente al año escolar 2014-2015; y una evaluación correspondiente al año escolar 2008-2009 cuando labora en la Escuela Superior Trina Padilla de Sanz.

4. El 16 de junio de 2016, el apelante, mediante comunicación escrita, hizo un reclamo a la autoridad nominadora para que le otorgara el estatus permanente al amparo de Ley 312.

5. En comunicación fechada 15 de julio de 2016, la agencia le notificó al apelante que se le denegaba su petición toda vez que tenía acciones disciplinarias pendientes en la División Legal de la agencia.

6. Al apelante se le concedió la permanencia para el año 2022.

Según indicamos, el foro recurrido denegó la petición del DE para desestimar la apelación por academicidad. Al así decidir, observó que, aunque el recurrente fue nombrado con estatus permanente en el 2022, tal nombramiento fue concedido luego de transcurridos más de seis (6) años desde que el recurrente hiciera tal solicitud. Añadió el mismo foro,

que el recurrente entendía que tenía derecho a ser nombrado a una plaza permanente desde el 2016, y era a esa fecha a la que se debía retrotraer su nombramiento permanente. Por tanto, no procedía la desestimación de la apelación, pues permanecía viva la controversia sobre si el nombramiento se debía retrotraer a la fecha en que el recurrente entendía que cumplió con los requisitos legales para lograr el estatus permanente.

Dispuesto lo anterior, sin embargo, el foro administrativo denegó la solicitud del recurrente para que su estatus permanente fuera retrotraído a la fecha en que solicitó tal cambio. Al así obrar, en su *Resolución* el foro recurrido aludió al precedente establecido en *Fajardo v. DIP*, 126 DPR 619, 626 (1990), a los efectos de que no procedía el nombramiento automático de estatus permanente solo porque un maestro hubiese cumplido con los requisitos legales relativos a los dos años de labores y que estos fueran satisfactorios, **sin que se probara la existencia de una plaza vacante a ese momento**. Conforme a esto, el foro administrativo dirigió su mirada a las alegaciones contenidas en la *Apelación,* concluyendo que no se había incluido allí una alegación sobre la existencia de plaza vacante en el DE al momento de solicitar el estatus permanente. Por lo cual, a pesar de haber quedado probado que el recurrente sí contaba con dos años consecutivos de servicio en el DE, junto a evaluaciones satisfactorias, le correspondía también haber alegado que existía una plaza vacante al momento de su petición, pero no lo hizo. Explicó que recaía en la parte promovente de la acción presentar las alegaciones sobre todos los elementos de la causa de acción, pero esto no fue satisfecho.

Insatisfecho, el recurrente presentó una *Solicitud de Reconsideración*. Con referencia a la determinación de la OASE de que no se había demostrado la existencia de una plaza vacante, el señor Rodríguez Márquez arguyó que ese particular no fue planteado pues, desde su perspectiva, el derecho a la permanencia se justificaba por una necesidad

de servicio evidente. Tal necesidad, continuó aduciendo el recurrente, había quedado constatada en el *Memorando Oficial* de 31 de mayo de 2016, suscrito por el entonces Secretario del DE, documento que se anejó junto a la moción de reconsideración. Añadió, que la Oficial Examinadora debió haber solicitado a las partes que se expresaran sobre la necesidad de demostrar la existencia de una plaza vacante, antes de disponer de la *apelación.*

La OASE denegó la petición de reconsideración.

Es así como el señor Rodríguez Márquez acude ante nosotros, mediante recurso de *revisión judicial,* haciendo los siguientes señalamientos de error:

> **Primer Error**: Erró la OASE al resolver mediante resolución sumaria una controversia que no fue planteada por ninguna de las partes por lo que se laceró el debido proceso de ley del recurrente al no tener la oportunidad, previo a que se sometiera el caso sumariamente de argumentar o presentar prueba al respecto.

> **Segundo Error**: Erró la OASE al concluir que le correspondía al apelante/recurrente presentar prueba de la existencia de plazas disponibles para la otorgación de permanencia cuando la *Ley de Permanencias* no dispone este requisito y la *Ley para la Administración de los Recursos Humanos del Servicio Público* expresamente prohíbe la creación de puestos de duración fija por términos mayores de seis meses. Además, de la prueba presentada por el propio Departamento de Educación surge que para ese momento el Secretario de Educación estableció mediante Memorando Oficial que todo maestro transitorio elegible que cumpliera con determinados requisitos sería nombrado a un puesto regular sin necesidad de que se declararan vacantes.

## II. Exposición de Derecho

### A. La Revisión Judicial

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, (Ley Núm. 38-2017 o LPAU), según enmendada, 3 LPRA sec. 9601 *et seq.,* dispone el alcance de la revisión judicial sobre las determinaciones de las agencias. Tanto la referida ley, como la jurisprudencia aplicable, establecen que la función revisora de las decisiones administrativas concedida a los tribunales apelativos consiste

esencialmente en determinar si la actuación de la agencia fue dictada dentro de las facultades que le fueron conferidas por ley y si la misma es legal y razonable. *T–JAC, Inc. v. Caguas Centrum Limited*, 148 DPR 70, 80 (1999). Al respecto, es norma de derecho claramente establecida que los tribunales apelativos han de conceder gran deferencia y consideraciones a las decisiones de los organismos administrativos en vista de la vasta experiencia y conocimiento especializado. *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 126 (2019). Por lo tanto, los tribunales deben ser cautelosos al intervenir con las decisiones administrativas. *Metropolitana, S.E. v. A.R.P.E.*, 138 DPR 200, 213 (1995); *Viajes Gallardo v. Clavell,* 131 DPR 275, 289–290 (1992).

Es por las razones expuestas que las decisiones de los foros administrativos están investidas de una presunción de regularidad y corrección. *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 892 (2008). La presunción de corrección que acarrea una decisión administrativa deberá sostenerse por los tribunales, a menos que la misma logre ser derrotada mediante la identificación de evidencia en contrario que obre en el expediente administrativo. *E.L.A. v. P.M.C.*, 163 DPR 478, 488-490 (2004).

Al momento de revisar una decisión administrativa el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia. *Rebollo v. Yiyi Motors*, 161 DPR 69, 76 (2004). Conforme a la cual, habrá que determinar si la actuación de la agencia fue arbitraria, ilegal, caprichosa o tan irrazonable que constituyó un abuso de discreción. *Mun. de San Juan v. CRIM*, 178 DPR 163, 175 (2010). Por tanto, la revisión judicial de una determinación administrativa se circunscribe a determinar si: (1) el remedio concedido por la agencia fue apropiado; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo, y (3) las conclusiones de derecho fueron correctas. Sec. 4.5 de la Ley Núm. 38-

2017, *supra*, 3 LPRA sec. 9675; *Torres Rivera v. Policía de PR*, 196 DPR 606, 626-627 (2016).

Por otra parte, nuestro Tribunal Supremo ha identificado circunstancias en que corresponde no observar tal deferencia. En específico, dicho alto foro ha reconocido que la referida deferencia a las determinaciones administrativas cederá cuando: (1) la decisión no está basada en evidencia sustancial**;** (2) el organismo administrativo ha errado en la aplicación de la ley, y (3) ha mediado una actuación irrazonable o ilegal. *Acarón, et al v. D.R.N.A.,* 186 DPR 564, 584 (2012)*; Costa Azul v. Comisión*, 170 DPR 847, 852 (2007). (Énfasis nuestro).

### B. La Resolución Sumaria

La Sección 3.7 de la Ley Núm. 38-2017, *supra*, 3 LPRA sec. 9647, establece que, salvo disposición en contrario por su ley orgánica, las entidades administrativas podrán disponer de los asuntos ante su consideración mediante resolución sumaria. *OCS v. Universal*, 187 DPR 164, 177 (2012). Lo anterior procede luego que la agencia determine que no es necesario celebrar una vista adjudicativa. Sin embargo, antes de resolver la solicitud presentada por alguna de las partes, la agencia deberá evaluar y analizar los documentos que acompañan la moción de solicitud de resolución sumaria, y su correspondiente oposición. Sec. 3.7, la Ley Núm. 38-2017, *supra*, 3 LPRA sec. 9647.

Por otro lado, la agencia no podrá dictar órdenes o resoluciones sumarias en los casos en que:

> (1) estén presentes hechos materiales o esenciales controvertidos; (2) existen alegaciones afirmativas en la querella que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la petición una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho no procede la orden de resolución sumaria del proceso. 3 LPRA sec. 9647.

Este mecanismo de resolución sumaria busca agilizar la solución del caso, **cuando no existan hechos materiales en controversia**.[2] (Énfasis provisto). *OCS v. Universal,* supra, a la pág. 177-178, que cita a *Comisionado Seguros P.R. v. Integrand,* 173 DPR 900 (2008). Asimismo, se persigue una solución rápida para evitar "tener que celebrar una 'audiencia evidenciaria [que] no aportaría ningún elemento meritorio al proceso analítico'". (corchete en el original) *Íd.*, a la pág. 178, que cita a, J. Echevarría Vargas, *Derecho administrativo puertorriqueño*, San Juan, Ed. Situm, 2012, pág. 231.

Por su parte, el Reglamento de la Oficina de Apelaciones del Sistema de Educación (OASE), Reglamento 9099 de 29 de mayo de 19[3], disponía sobre la resolución sumaria lo siguiente.

**Artículo 12.1 - Adjudicación sumaría de casos:**

En cualquier caso en el que el juez administrativo tenga ante sí una controversia de derecho, podrá emitir una resolución sumaria sin sujeción a ningún otro trámite procesal.

**Artículo 12.2 -Solicitud de resolución sumaria**

Concluido el término para efectuar el descubrimiento de prueba, las partes podrán solicitar la resolución sumaria del caso. La parte que se oponga a una solicitud de resolución sumaria tendrá un término de diez (10) días calendario a partir de la notificación de la solicitud para presentar su oposición.

Si luego de evaluar la solicitud de resolución sumaria, la oposición a dicha solicitud y los documentos contenidos en el expediente de la agencia el juez administrativo determina que no es necesario celebrar una vista para adjudicar la(s) controversia(s) podrá dictar resolución sumaria final o parcial resolviendo la(s) controversia(s) entre las partes.

**C. Ley para Regular la Permanencia de Maestros**

La Ley Núm. 312 del 15 de mayo de 1938, según enmendada, mejor conocida como la "Ley para Regular la Permanencia de Maestros", (Ley

---

[2] Véase, *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010), ("[U]n hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable").

[3] Este Reglamento fue posteriormente enmendado, pero nos limitamos a citar el vigente al momento de considerar la solicitud de remedio sumario presentada por el recurrente.

Núm 312), 18 LPRA Sec. 214, *et seq.*, establece los requisitos para que un maestro pueda ocupar un puesto docente con carácter permanente en el Departamento de Educación de Puerto Rico. En lo particular, la Sec. 1 de la Ley Núm 312, *supra*, dispone:

> Todo maestro en servicio activo en las escuelas públicas, mediante nombramiento hecho de conformidad con la Ley Escolar, los reglamentos del Departamento de Educación y los reglamentos de la Junta Estatal de Instrucción Vocacional, Técnica y de Altas Destrezas, y que haya ejercido como tal en cualquier categoría de escuela durante el período probatorio que se especifica más adelante, tendrá derecho a ser contratado con carácter permanente en la categoría correspondiente en que esté ejerciendo al expirar dicho período probatorio, sin otras pruebas de calificación o capacidad profesional que la posesión de una licencia regular de la misma categoría del puesto que ocupa el maestro y haber realizado, a juicio del Departamento de Educación, labor satisfactoria. Para los efectos de esta ley, no se tomará en consideración el tiempo que los maestros ejerzan en calidad de provisionales. Tales maestros tendrán derecho a ser contratados con carácter permanente en el municipio en que están ejerciendo al expirar el período probatorio. El tiempo trabajado por los maestros con certificado regular en calidad de sustituto y que hayan realizado labor satisfactoria en puestos de la misma categoría se convalidará como período probatorio. La equivalencia de los dos (2) años de período probatorio comprenderá el trabajo realizado con contrato sustituto o probatorio durante dos (2) años consecutivos. Tales maestros tendrán derecho a ser contratados con carácter probatorio o permanente en el municipio donde estén trabajando cuando les corresponda una plaza en propiedad. 8 LPRA sec. 214.

## III. Aplicación del Derecho a los hechos

Por estar íntimamente relacionados, discutiremos en conjunto los dos señalamientos de errores alzados por el recurrente.

Apuntamos en la exposición de derecho que, al considerar una solicitud de resolución sumaria nos corresponde determinar como paso inicial, si existen hechos materiales o esenciales que permanezcan en controversia. Según es sabido, solo ante la ausencia de hechos medulares en controversia podrá el foro adjudicativo disponer de una causa de acción de manera sumaria. Ver, *OCS v. Universal*, supra.

Examinada la *Moción Solicitud de Resolución Sumaria* que presentó el recurrente ante la OASE el 14 de febrero de 2022[4], junto a la documentación allí incluida para sostener los hechos alegados, surge que, al radicar su *apelación* el 5 de agosto de 2016, llevaba siete años laborando en el DE como Trabajador Social Escolar, para lo cual poseía una licencia que había sido renovada el 20 de junio de 2013 y era válida hasta el año 2019, con estatus transitorio elegible en el Distrito de San Juan.

Con más detalle, durante el año escolar 2013-2014, el recurrente laboró en un puesto de Trabajador Social Escolar transitorio en el Centro de Servicios de Educación Especial de la Región de San Juan. De igual forma, al próximo año escolar, 2014-2015, ejerció las mismas funciones, en un puesto transitorio, pero en la Escuela de la Comunidad Manuel A. Pérez, Distrito San Juan II. Luego, durante el el año escolar 2015-2016, continuó ejercitándose como Trabajador Social Escolar, con nombramiento transitorio, en el Centro Eugenio María de Hostos en el Distrito Escolar de San Juan (I, II). Además, contó con evaluaciones satisfactorias correspondientes a las siguientes fechas por año escolar: 2008-2009, en la Escuela Superior Trina Padilla de Sanz; 2013-2014, en el Centro de Servicios de Educación Especial de la Región de San Juan; 2014-2015 en la Escuela de la Comunidad Manuel A. Pérez, Distrito San Juan II; 2015-2016, en el Centro Eugenio María de Hostos en el Distrito Escolar de San Juan (I, II); 2017-2018, en la Escuela Ángel Ramos del Distrito Escolar de San Juan (III, IV, V).

Según advertimos en el tracto procesal, el DE nunca presentó un escrito en oposición a la solicitud de resolución sumaria instada por el señor Rodríguez Márquez, por lo cual falló en controvertir los hechos medulares que se propusieron como incontrovertidos, los cuales acogemos como tales.

---

[4] Anejo VII del recurso de revisión judicial, págs. 42-70.

En armonía con lo hasta aquí indicado, es de ver que en la propia *Resolución* recurrida la OASE también concluyó que; *Ciertamente, basado en la Ley 312, supra, así como en el Reglamento antes citado, la parte apelante, en teoría, cumplía con parte de los requisitos necesarios para obtener puesto permanente: estuvo trabajando dos (2) años ininterrumpidos consecutivos y fue evaluado en ambos satisfactoriamente*[5]. Coincidimos con tal valoración.

Sin embargo, dispuesto lo anterior, la OASE también determinó que el recurrente no tenía derecho a que se retrotrajera su nombramiento a la fecha en que presentó la solicitud de cambio de estatus, **por no haber alegado en su *Apelación* que existiera una plaza vacante en la fecha que solicitó el nombramiento de estatus permanente**. Llegó a esta conclusión luego de citar al Tribunal Supremo, a efectos de que:

> [c]abe dejar sentado que el maestro sustituto -- que ha cumplido por lo menos dos años consecutivos de labor satisfactoria en el puesto-- **no adquiere automáticamente un derecho a permanencia en la categoría de puesto objeto de la sustitución ni aun una expectativa de retención en la misma plaza que ocupa**. Como maestro sustituto, **su derecho está supeditado a que surja una vacante** en el mismo municipio en que presta servicios y a que le corresponda esa plaza. (Énfasis provisto). *Fajardo v. D.I.P.,* 126 DPR 619, 627 (1990).

En su recurso de revisión judicial el recurrente se opuso a tal conclusión, aduciendo lo siguiente: que dicha controversia nunca estuvo planteada por ninguna de las partes; su derecho al estatus permanente se justificaba por una necesidad evidente de servicio y las normas citadas; el Memorando Oficial de 31 de mayo de 2016 emitido por el entonces Secretario de Educación le concedió el derecho a la permanencia a todo aquél que cumpliera con los requisitos mencionados en la propia comunicación[6]. No nos persuade.

---

[5] Anejo III del recurso de revisión judicial, pág. 25 de su apéndice.
[6] Recurso de revisión judicial, págs. 12-14.

Según es sabido, nada impide que las Reglas de Procedimiento Civil se adopten para guiar el curso administrativo, en tanto no sea incompatible con este. *Saldaña Egozcue v. J.A.C.*, 201 DPR 615 (2018). En la misma tónica, cabe intercalar aquí la expresión de nuestro Tribunal Supremo a los efectos de que, *al disponer de una moción de sentencia sumaria, el tribunal necesariamente tendrá que escudriñar las alegaciones de la demanda. León Torres v. Rivera Lebrón*, 204 DPR 20, 42 (2020). Se añade más adelante en la misma Opinión que *los tribunales no pueden desentenderse de las reclamaciones conforme éstas aparecen redactadas en la demanda y actuar como si un demandante tuviese la potestad de enmendar o suplementar sus alegaciones a través de las aseveraciones y los argumentos. Íd*, pág. 47. Además, *le está vedado a la parte demandante cualquier intento de incorporar reclamaciones nuevas **o corregir deficiencias en su demanda una vez se ha sometido una solicitud de sentencia sumaria en el caso**.* (Énfasis provisto). *Íd.*, pág. 49.

Aplicando los segmentos de la Opinión citada al caso de autos, resulta evidente que, al sopesar la petición de resolución sumaria instada por el recurrente, el foro recurrido estaba llamado, como lo hizo, a verificar las alegaciones contenidas en la *Apelación,* sin que tal ejercicio estuviese supeditado a que el DE hiciera algún señalamiento sobre ello. Entonces, efectuada dicha lectura de las alegaciones contenidas en la *Apelación,* nos resulta evidente que no fue incluida alegación alguna donde se adujera la existencia de una vacante disponible para el puesto cuya permanencia se procuraba. *Al redactar su demanda, el demandante tiene el control de sus reclamaciones y, consiguientemente, escoge cómo entiende es la mejor forma de precisar sus causas de acción. León Torres v. Rivera Lebrón, supra,* pág. 55.

La alegación requerida a la que aludió el foro administrativo no debió tomar por sorpresa al recurrente, pues resulta de un precedente

establecido por el alto Foro en el 2019, *Fajardo v. D.I.P.*, supra, es decir, hace más de veinticinco años, que no ha perdido vigencia. En este sentido, el recurrente sabía o debía saber que al instar la *Apelación* al amparo de la Ley Núm. 312, no resultaba suficiente para obtener el puesto permanente al que aspiraba, solo alegar haberlo ocupado por dos años consecutivos con labor satisfactoria, pues también se requería como elemento esencial alegar que existía una vacante disponible, pero no lo hizo.

Entonces, para suplementar una alegación que no incluyó en la *Apelación* presentada, el recurrente arguye que el memorando del DE intitulado *Solicitud de información sobre el proceso de otorgación de permanencia*, de 31 de mayo de 2016, suscrito por el entonces Secretario de Educación, proveía prueba sobre la necesidad del puesto cuya permanencia solicitó. No obstante, según adelantamos, le está vedado a la parte demandante, aquí recurrente, cualquier intento de *corregir deficiencias en su demanda una vez se ha sometido una solicitud de sentencia sumaria en el caso. León Torres v. Rivera Lebrón, supra.* Además, en cualquier caso, en ninguna parte del referido memorando se dejó constancia de que hubiese una plaza vacante que pudiera ser ocupada por el recurrente de manera permanente al momento en que fue presentada la *Apelación*.

En definitiva, los errores señalados por el recurrente no fueron cometidos, por lo que procede sostener la determinación administrativa recurrida.

**IV. Parte dispositiva**

Por los fundamentos que anteceden, *Confirmamos* la *Resolución Sumaria* recurrida.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones