ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| LUIS G. SANTIAGO MORALES<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400476 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm. PP-977-23<br><br>Núm. Adm. B-735195 |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de noviembre de 2024.

I.

El 16 de agosto de 2024 el Sr. Luis G. Santiago Morales, por derecho propio presentó escrito que intitula *Moción en Solicitud de Revi[sió]n Administrativa.* Señala que, desde septiembre de 2023 le notificó a su Técnico Sociopenal de su interés de ser evaluado para integrarse al Programa de Reinserción a la libre comunidad.[1]

El 21 de noviembre de 2023, Santiago Morales presentó *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativos.[2] Pidió que se le notificara el estatus en que se encontraba su solicitud o petición de parte, para el Programa de Reinserción a la libre comunidad, debido a que habían transcurrido dos (2) meses y no tenía indicación del progreso en el trámite, el próximo paso a seguir o si faltaba alguna información.[3]

En respuesta emitida el 9 de enero de 2024[4] la División de Remedios Administrativos, le indicó a Santiago Morales que el 22 de

---

[1] *Recurso*, pág. 2.
[2] Anejo 2 del recurso.
[3] *Id.*
[4] Anejo 3 del recurso (Contiene matasellos con fecha del 23 de enero de 2024).

Número Identificador

SEN2024_____

diciembre de 2023, "se refirió el informe ante el CCT y se enviaron toda la documentación solicitada para que el caso en referencia pueda ser evaluado y se determine el mismo".[5] El 23 de mayo de 2024, notificada el 21 de junio del mismo año,[6] el Departamento de Corrección y Rehabilitación (DCR) emitió respuesta *Evaluación Programa de Pre-Reinserción.* Concluyó que:

> El día 23 de mayo de 2024 fue evaluado el caso para el Programa de Pre-Reinserción a la libre comunidad, esto conforme a la Orden administrativa DCR-2023-03. A tales efectos se determina que el caso es **pospuesto**. Razones: Se refiere para evaluación adicional para cumplir con lo dispuesto en el Plan de Reorganización #2-2011 en sus artículos 17,18, y 19 de los derechos de las víctimas de delitos en los procesos relacionados con los Programas de Desvíos y Comunitarios.[7]

Insatisfecho, el 9 de julio de 2024, Santiago Morales instó solicitud de *Reconsideración.*[8] Arguyó que los fundamentos por los cuales se pospuso su caso no son a base de algún incumplimiento de su parte, sino a consecuencia del incumplimiento del propio DCR en cuanto a los artículos 17, 18 y 19 del *Plan de Organización del Departamento de Corrección y Rehabilitación de 2011*, Plan 2-2011, según enmendado.[9] Alegó que, el DCR incumplió con el término dispuesto en el artículo 17 del Plan 2-2011 en relación con la notificación inicial a la víctima del delito. Adujo que el DCR es quien autoriza que se lleven a cabo las investigaciones en la comunidad, les notifica a las víctimas de su derecho y tiene conocimiento de los términos pertinentes.[10]

---

[5] *Id.*
[6] Anejo 1 del recurso.
[7] *Id*; 3 LPRA, Ap. XVIII, Arts. 17-19 (Los artículos 17, 18, y 19 disponen diferentes responsabilidades del Departamento de Corrección y Rehabilitación en los procesos relacionados con los Programas de Desvíos y Comunitarios y los derechos de las víctimas de delitos) (Énfasis nuestro).
[8] Anejo 4 del recurso.
[9] 3 LPRA, Ap. XVIII, Arts. 17-19.
[10] Anejo 4 del recurso.

El DCR no emitió ningún dictamen respecto a la solicitud de reconsideración. Aún inconforme, el 16 de agosto de 2024,[11] Santiago Morales acudió ante nos.[12] Plantea:

**Primer Error:**

ERRÓ EL D.C.R. POR CONDUCTO DE LA DIVISÓN DE PROGRAMAS Y SERVICIOS AL EMITIR UNA RESOLUCIÓN POSPONIENDO LA EVALUACIÓN DEL CASO DE MARRAS SOBRE LA SOLICITUD DEL PETICIONARIO PARA EL PROGRAMA DE PRE-REINCERCI[Ó]N A LA LIBRE COMUNIDAD PARA QUE LA AGENCIA CUMPLA CON LAS DISPOSICIONES DE LOS ART[Í]CULOS 17, 18, Y 19 DEL PLAN 2-2011, SUPRA, CUANDO INCUMPLIÓ LA AGENCIA CON LOS T[É]RMINOS CONTENIDOS EN EL ART. 17 DE DIEZ (10) D[Í]AS PARA NOTIFICAR LAS V[Í]CTIMAS DEL DELITO.

El 18 de noviembre de 2024 compareció el DCR mediante *Escrito en cumplimiento de Orden y en Solicitud de Desestimación.* Con el beneficio de la comparecencia de las partes, el derecho y jurisprudencia aplicable, procedemos a resolver.

II.

A.

El Art. 17 del Plan 2-2011,[13] según enmendado, dispone que en cuanto a la notificación inicial a la víctima del delito:

El Departamento será responsable de notificar por escrito a la víctima del delito sobre el interés del miembro de la población correccional de beneficiarse del privilegio de participar de los programas de desvío y del derecho de la misma a ser escuchada, dentro de un término no mayor de diez (10) días, a partir de la fecha en que el miembro de la población correccional exprese su interés de acogerse al privilegio antes mencionado.

Dicha notificación deberá enviarse a la última dirección postal conocida de la víctima e incluirá:

(a) la intención del miembro de la población correccional de beneficiarse de del

---

[11] El recurso cuenta con el matasellos del Tribunal de Apelaciones con fecha del 26 de agosto de 2024. No obstante, conforme a nuestro Reglamento y según resuelto en *Álamo Romero* v. *Adm. Corrección*, 175 DPR 314, 323 (2009) entendemos que el recurso fue presentado en la fecha de entrega a la institución carcelaria. ("En los casos de revisión judicial de decisiones administrativas de la Administración de Corrección en procedimientos disciplinarios instados por reclusos por derecho propio, se entenderá que el recurso fue presentado en la fecha de entrega a la institución carcelaria. Esta autoridad será responsable, a su vez, de tramitar el envío del recurso al foro correspondiente").

[12] Acompaña con su recurso *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia* la cual se declara Ha Lugar.

[13] 3 LPRA, Ap. XVIII, Art. 17.

> privilegio de participar de los programas de desvío;
> (b) la mención del delito o delitos por los cuales fue convicto el cliente;
> (c) una relación de las disposiciones de ley o reglamento aplicables a la participación de la víctima en el procedimiento; y
> (d) la dirección y número de teléfono de la oficina o el funcionario con el cual la víctima pueda comunicarse para recibir mayor información sobre su derecho de que se fije una vista.
>
> Deberán realizarse todos los esfuerzos a su alcance para localizar y notificar la víctima del delito, manteniendo evidencia de ello en el expediente del caso.[14]

---

[14] *Id.*; Los artículos 18 y 19 del Plan 2-2011 disponen:

Artículo 18. — Creación del Comité de Derechos de las Víctimas de Delito y nombramiento de sus miembros.

Se crea el Comité de Derechos de las Víctimas de Delito adscrito al Departamento, para hacer recomendaciones a éste en aquellos casos donde la víctima del delito se oponga o solicite expresar su opinión mediante el mecanismo de vista, cuando un miembro de la población correccional solicite participar de un programa de desvío.

El Comité estará compuesto por los siguientes miembros: el Superintendente de la Policía o un representante de éste, el Secretario del Departamento de Justicia o un representante de éste, una víctima o familiar de víctima de un delito grave, un profesional licenciado de un campo de la salud mental y un abogado admitido a ejercer la profesión por el Tribunal Supremo de Puerto Rico, a ser nombrados por el Gobernador con el consejo y consentimiento del Senado.

Los miembros del Comité que no sean funcionarios públicos cualificarán para el pago de dieta y millaje en cumplimiento con las disposiciones legales y reglamentarias aplicables.

El Comité adoptará las medidas y procedimientos necesarios para su funcionamiento interno. Disponiéndose, que en la celebración de vistas no podrán utilizar el mecanismo de oficiales examinadores y que sus acuerdos tendrán que ser tomados por la mayoría absoluta de sus miembros. El Comité contará con apoyo técnico y administrativo del personal adscrito al Departamento. (3 L.P.R.A., Ap. XVIII, Art. 18).

Artículo 19. — Celebración de vista sobre privilegio de programa de desvío y determinación sobre el mismo.

Para propósitos de los programas de desvío, el Comité celebrará vistas sobre la evaluación de aquellos casos en los cuales la víctima se opone a la concesión del privilegio. Luego de la notificación inicial, la víctima tendrá un período de quince (15) días calendario para notificarle al Departamento si va o no a solicitar la celebración de una vista. Si al expirar dicho término, la víctima no ha solicitado la vista, se obviará la celebración de la misma, presumiendo así una falta de interés por parte de la víctima.

Sólo se podrá obviar la celebración de la vista sobre la evaluación en aquellos casos que conste en el expediente del solicitante del programa, la notificación efectiva y certificada hecha a la víctima del delito de su derecho a que se celebre la vista; o que en su defecto, conste certificación de que se han realizado gestiones afirmativas y diversas para localizarla y notificarle y las mismas han resultado infructuosas.

En aquellos casos en que la víctima renuncie al derecho que le asiste de la celebración de una vista de consideración del privilegio, deberá consignarlo por escrito en el documento provisto por el Departamento. Copia de dicha renuncia se mantendrá como parte del expediente del caso. De constar una renuncia expresa, el deseo de la víctima será respetado y no procederá la vista dispuesta por este Plan.

En caso de que la víctima de delito indique que interesa la celebración de una vista de consideración del privilegio de programa de desvío, el Comité procederá a notificar por escrito a la víctima la fecha en que habrá de celebrarse la vista en la cual se considerará la solicitud del miembro de la población correccional.

Dicha notificación deberá enviarse con no menos de diez (10) días laborables de anticipación a la última dirección postal conocida de la víctima e incluirá: a) la fecha, hora y lugar donde habrá de celebrarse la vista; b) la

B.

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38 de 30 de junio de 2017, según enmendada[15] (LPAU), dispone el alcance de la revisión judicial de las determinaciones de las agencias. Tanto la referida Ley como la jurisprudencia aplicable establecen que la función revisora de las decisiones administrativas concedida a los tribunales apelativos consiste esencialmente en determinar si la actuación de la agencia fue dictada dentro de las facultades que le fueron conferidas por ley y si la misma es legal y razonable.[16] Al respecto, es norma de derecho claramente establecida que los tribunales apelativos han de conceder gran deferencia y consideraciones a las decisiones de los organismos administrativos en vista de la vasta experiencia y conocimiento especializado.[17] Por lo tanto, los tribunales deben ser cautelosos al intervenir con las decisiones administrativas.[18]

Es por estas razones que, como principio axiomático, las decisiones de los foros administrativos están investidas de una presunción de regularidad y corrección.[19] La presunción de corrección que acarrea una decisión administrativa, deberá

---

intención del miembro de la población correccional de beneficiarse de los privilegios de participar de los programas de desvío; c) la mención del delito o delitos por los cuales fue convicto el cliente; d) una relación de las disposiciones de ley o reglamento aplicables a la participación de la víctima en el procedimiento; y e) la dirección y número de teléfono de la oficina o el funcionario con el cual la víctima pueda comunicarse para recibir mayor información sobre su participación en la vista.

Con posterioridad a la vista, el Comité emitirá un informe con su recomendación al Secretario sobre el otorgamiento del privilegio bajo consideración. El Secretario tomará en consideración el otorgación al miembro de la población correccional del privilegio de participar en un programa de desvío.

Toda víctima del delito será notificada mediante correo certificado o entrega personal con acuse de recibo, de así solicitarlo en la vista donde se atendió su opinión sobre la consideración del privilegio de participar de un programa de desvío, de la determinación del Secretario sobre el privilegio solicitado. Además, se notificará a la víctima la fecha en que el convicto se reintegrará a la libre comunidad. (3 L.P.R.A., Ap. XVIII, Art. 19)

[15] 3 LPRA § 9601 *et seq.*

[16] *T–JAC* v. *Caguas Centrum,* 148 DPR 70 (1999).

[17] *Mun. de San Juan* v. *Plaza Las Américas*, 169 DPR 310, 323 (2006); *Hernández Álvarez* v. *Centro Unido*, 168 DPR 592, 615–616 (2006).

[18] *Metropolitana, S.E.* v. *ARPE,* 138 DPR 200, 213 (1995); *Viajes Gallardo* v. *Clavell,* 131 DPR 275, 289–290 (1992).

[19] *García* v. *Cruz Auto Corp.*, 173 DPR 870 (2008); *Vélez* v. *ARPE,* 167 DPR 684 (2006); *Rivera Concepción* v. *ARPE,* 152 DPR 116, 123 (2000).

sostenerse por los tribunales a menos que la misma logre ser derrotada mediante la identificación de evidencia en contrario que obre en el expediente administrativo.[20] Ello, debido a que los tribunales deben dar deferencia a las determinaciones de las agencias sobre asuntos que se encuentren dentro del área de especialidad de estas.[21]

Asimismo, al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia.[22] El estándar aplicable en las mencionadas revisiones no es si la decisión administrativa es la mejor, sino si la determinación de la agencia en cuanto a la interpretación de los reglamentos y las leyes que le incumbe implantar es razonable.[23]

### III.

Examinados los planteamientos del recurso ante nos, concluimos que la respuesta brindada por el DCR al miembro de la población correccional fue adecuada. La petición de Santiago Morales consistió en que el DCR evaluara su caso sin dilación, toda vez que, según él, cumple con los criterios del Programa. Sin embargo, aunque el 27 de agosto de 2024 ya la agencia determinó que Santiago Morales en efecto cumple con los criterios de elegibilidad del Programa, según la certificación de 18 de octubre de 2024, su caso aún está siendo evaluado. Más que una posposición de la evaluación del caso, lo que ha tomado tiempo es la determinación final de si se le permitirá participar en el Programa.

De modo que, el DCR si atendió su inquietud y le explicó, que su solicitud había sido referida a evaluación adicional, precisamente

---

[20] *ELA.* v. *P.M.C.*, 163 DPR 478 (2004); *Misión Ind. P.R.* v. *Junta de Planificación*, 146 DPR 64, 130 (1998); *ARPE* v. *Junta de Apelaciones sobre Construcciones y Lotificaciones*, 124 DPR 858 (1989).

[21] *Rivera* v. 152 DPR, pág. 116; *Fac. C. Soc. Aplicadas, Inc.* v. *C.E.S.*, 133 DPR 521 (1993).

[22] *Rebollo Vda. de Liceaga* v. *Yiyi Motors, Motor Ambar, Inc.*, 161 DPR 69 (2004).

[23] *Empresas Ferrer* v. *ARPE,* 172 DPR 254, 266 (2007); *P.C.M.E* v. *J.C.A*, 166 DPR 599, 617 (2005); *Mun. de San Juan* v. *J.C.A*, 149 DPR 263, 279-282 (1999).

para cumplir con el mandato legal dispuesto en el Plan de Reorganización #2-2011, sus artículos 17,18, y 19 de los derechos de las víctimas de delitos en los procesos relacionados con los Programas de Desvíos y Comunitarios.[24] No habiendo error, prejuicio o parcialidad en el proceder de la Agencia recurrida, procede confirmar su determinación.

IV.

Por los fundamentos expuestos, se *confirma* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[24] *Id*; 3 LPRA, Ap. XVIII, Arts. 17-19. (Los artículos 17, 18, y 19 disponen diferentes responsabilidades del Departamento de Corrección y Rehabilitación en los procesos relacionados con los Programas de Desvíos y Comunitarios y los derechos de las víctimas de delitos) (Énfasis nuestro).