ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| CARMELO CARIÑO FIGUEROA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400534 | *Revisión* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm. GMA500-1299-23<br><br>Sobre: Bonificación |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de enero de 2025.

I.

El 25 de septiembre de 2024 el Sr. Carmelo Cariño Figueroa, por propio derecho, presentó escrito de *Revisión Judicial.* Indicó que, está sentenciado a una pena de noventa y nueve (99) años bajo el Código Penal de Puerto Rico de 1974,[1] sin embargo, expresó que es elegible para bonificaciones por buena conducta y asiduidad, y que estas no han sido acreditadas. Por ello, instó *Solicitud de Remedio Administrativo* (Número de solicitud GMA500-1299-23) ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR).[2]

En respuesta emitida el 15 de abril de 2024, notificada el 18 de abril del mismo año,[3] la División de Remedios Administrativos le indicó a Cariño Figueroa que la Ley Núm. 85-2024 se aplicó a su sentencia. Sin embargo, le

---

[1] Código Penal de Puerto Rico de 1974, Ley Núm. 115 del 22 de julio de 1974, 33 LPRA § 3001 *et seq.* (derogada 2012).
[2] Dicha *Solicitud de Remedio Administrativo* no obra en el recurso presentado. No obstante, las demás respuestas del DCR y la reconsideración instada aluden a esta con el número: GMA500-1299-23.
[3] Anejo 3 del recurso (El matasellos del DCR tiene fecha del 15 de abril de 2024, pero la fecha de Recibo de respuesta es del 18 de abril de 2024).

Número Identificador

SEN2025_____

aclaró que, "su mínimo es para el año 2031 porque debe cumplir 25 años naturales para poder ver la Junta [de Libertad] Bajo Palabra".[4]

Insatisfecho, el 29 de agosto de 2024, Cariño Figueroa pidió *Reconsideración.* Reiteró que ninguna de las disposiciones sobre bonificaciones había sido aplicada a su sentencia y arguyó que, el cómputo del mínimo de su sentencia debería ser de veinte (20) años, según las leyes aplicables. Solicita que se aplicaran a su sentencia la Ley Núm. 85 de 28 de mayo de 2024,[5] y la Ley Núm. 87 de 4 de agosto de 2020.[6] El 11 de septiembre de 2024, el DCR emitió *Respuesta de Reconsideración al Miembro de la Población Correccional* y denegó la petición. Se basó en que:

> Sr. Cariño Figueroa, en su Solicitud de Remedio expresó su interés en que le sea aplicada la Ley 85. El 18 de abril de 2024 recibió la Respuesta. El 26 de agosto de 2024 realizó la Solicitud de Reconsideración.
> El Reglamento para Atender las Solicitudes de Remedios Administrativos establece que, si el miembro no estuviere conforme con la respuesta emitida, podrá solicitar la revisión, mediante escrito de Reconsideración dentro del término de 20 días calendario, contados a partir de del recibo de la respuesta. Regla XIV (1). Es importante que tome en consideración esta información para futuras revisiones que entienda realizar.
> **En su caso ya le fue aplicada dicha ley**, orientamos a que dialogue con el Técnico de Servicios Sociopenales de surgirle alguna inquietud sobre ese particular.

Aún inconforme, el 25 de septiembre de 2024,[7] Figueroa Cariño acudió ante nos.[8] Plantea que "la Administración de Corrección; específicamente el área de Récords ha hecho caso omiso en mis reclamos; obviando leyes que son favorables y aplicables a mi sentencia".[9] Examinemos la corrección de sus alegaciones.

---

[4] El 5 de junio de 2024 Cariño Figueroa instó una nueva *Solicitud de Remedio Administrativo*, Número de Solicitud GMA500-353-24.

[5] Para enmendar el Artículo 308 de la Ley Núm. 146 de 2012 y enmendar el Artículo 3 de la Ley Núm. 118 de 1974; No podrán beneficiarse del privilegio de libertad bajo palabra.

[6] Para enmendar el Artículo 11 del Plan de Reorganización 2-2011, Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011.

[7] El recurso cuenta con el matasellos del Tribunal de Apelaciones con fecha del 27 de septiembre de 2024. No obstante, conforme a nuestro Reglamento y según resuelto en *Álamo Romero* v. *Adm. Corrección*, 175 DPR 314, 323 (2009) entendemos que el recurso fue presentado en la fecha de entrega a la institución carcelaria. ("En los casos de revisión judicial de decisiones administrativas de la Administración de Corrección en procedimientos disciplinarios instados por reclusos por derecho propio, se entenderá que el recurso fue presentado en la fecha de entrega a la institución carcelaria. Esta autoridad será responsable, a su vez, de tramitar el envío del recurso al foro correspondiente".)

[8] El 15 de enero de 2025 Cariño Figueroa sometió *Moción Sobre Estatus.*

[9] Expresó que se encuentra en fiel cumplimiento a una sentencia de ciento dos (102) años y que su Hoja de Control sobre Liquidación de Sentencias está igual a cuando ingresó, salvo,

## II.

En virtud de la aprobación del *Plan de Reorganización del Departamento de Corrección y Rehabilitación*, Plan 2-2011, según enmendado, se decretó como política pública del Gobierno de Puerto Rico la creación de un sistema integrado de seguridad y administración correccional donde las funciones y deberes se armonicen en un proceso facilitador a la imposición de penas y medidas de seguridad, entre otros objetivos.[10]

En lo pertinente a las bonificaciones por buena conducta y asiduidad, el Art. 11 del Capítulo IV del Plan de Reorganización Núm. 2-2011 dispone:

> **Toda persona sentenciada a cumplir término de reclusión en cualquier institución, antes de la vigencia del Código Penal de Puerto Rico de 2004,[11]** que esté disfrutando de un permiso concedido a tenor con lo dispuesto en este Plan o que se encuentre recluida en cualquier entidad gubernamental o privada como parte de un programa de rehabilitación, o disfrutando de libertad bajo palabra concedida por la Junta de Libertad Bajo Palabra, y que observare buena conducta y asiduidad, tendrá derecho a las siguientes rebajas del término de su sentencia, las cuales se computarán desde su admisión a la institución de que se trate o desde que se concede la libertad bajo palabra:
>
> > a) por una sentencia que no excediere de quince (15) años, doce (12) días en cada mes; o
> > b) por una sentencia de quince (15) años o más, trece (13) días por cada mes.
>
> Dicha rebaja se hará por el mes natural, que representará un plazo de 30 días. Si la sentencia contuviere una fracción de mes, bien sea al principio o al fin de dicha sentencia, se le abonarán dos (2) días por cada cinco (5) días o parte de los mismos, contenidos en dicha fracción.
> . . . .
> La deducción por buena conducta y asiduidad podrá hacerse durante el tiempo que hubiere permanecido privada de su libertad cualquier persona acusada de cometer cualquier delito público, de ser sentenciada por los mismos hechos por los cuales hubiere sufrido dicha privación de libertad.
>
> Se excluye de las bonificaciones que establece este Artículo toda condena que apareje pena de reclusión de noventa y nueve (99) años, toda condena que haya dado lugar a una

---

392 días que se le confirieron al cómputo del máximo de la sentencia. Alegó que debió seguirse el mismo procedimiento para el cómputo del mínimo.

[10] 3 LPRA, Ap. XVIII, Art. 2.

[11] La Ley Núm. 87 de 4 de agosto de 2020 enmendó el Art. 11 del Plan de Reorganización 2-2011del DCR, "a los fines de extenderle a toda la población pena de Puerto Rico, sin considerar el Código Penal bajo el cual fueron sentenciados y cumplen condena, la oportunidad de recibir las bonificaciones por buena conducta y asiduidad, sujeto a las excepciones y porcentajes de acumulación preceptuados en dicho Artículo; para que toda persona sentenciada a cumplir término de reclusión de noventa y nueve (99) anos antes del día 20 de julio de 1989 será elegible para participar del Programa de Libertad bajo Supervisión Electrónica, siempre y cuando así lo determine la Junta de Libertad Bajo Palabra; y para otros fines relacionados".

determinación de reincidencia agravada o de reincidencia habitual, conforme establecen el Código Penal de 1974, de 2004 y el Código Penal vigente, la condena impuesta en defecto del pago de una multa y aquella que deba cumplirse en años naturales.

Toda persona sentenciada a cumplir término de reclusión de noventa y nueve (99) años antes del día 20 de julio de 1989, incluyendo aquel miembro de la población correccional cuya condena haya dado lugar a una determinación de reincidencia agravada o de reincidencia habitual, ambas situaciones conforme al Código Penal derogado, será bonificado como lo estipula el inciso (b) de este Artículo, en el cómputo máximo y mínimo de su sentencia y será elegible para participar del Programa de Libertad bajo Supervisión Electrónica, siempre y cuando así lo determine la Junta de Libertad bajo Palabra.

. . . .

Las rebajas de términos de sentencias dispuestas en este Artículo por buena conducta y asiduidad, aplicarán a toda persona sentenciada a cumplir término de reclusión bajo cualquier Código Penal de Puerto Rico o delito cometido bajo cualquier ley penal especial que en sus disposiciones no las excluya, independientemente se encuentre dentro de una institución correccional o esté cumpliendo el restante de su sentencia de reclusión a través de un permiso concedido a tenor con lo dispuesto en este Plan o que se encuentre recluida en cualquier entidad gubernamental o privada como parte de un programa de rehabilitación o se encuentre disfrutando de libertad bajo palabra.[12]

Por otro lado, el Art. V (A) del "Reglamento Interno de Bonificación por

Buena Conducta, Trabajo, Estudio y Servicios Excepcionalmente Meritorios"

---

[12] 3 LPRA, Ap. XVIII, Art. 11; En cuanto a las bonificaciones por trabajo, estudio o servicios, el Art. 12 del referido Plan de Reorganización establece que:

A toda persona sentenciada a cumplir pena de reclusión por hechos cometidos con anterioridad o bajo la vigencia del Código Penal de Puerto Rico vigente, en adición a las bonificaciones autorizadas en el Artículo anterior, el Secretario o el Presidente de la Junta de Libertad Bajo Palabra, según aplique, podrán conceder bonificaciones a razón de no más de cinco (5) días por cada mes en que el integrante de la población correccional o liberado por la Junta de Libertad Bajo Palabra esté empleado en alguna industria o que esté realizando estudios como parte de un plan institucional, bien sea en la libre comunidad o en el establecimiento penal donde cumple su sentencia, y preste servicio a la institución correccional durante el primer año de reclusión. Por cada año subsiguiente, podrá abonarse hasta siete (7) días por cada mes.

Si la prestación de trabajo o servicios por el integrante de la población correccional o liberado por la Junta de Libertad Bajo Palabra fuere de labores agropecuarias, el Secretario deberá conceder bonificaciones mensuales hasta un monto no mayor de siete (7) días durante el primer año de cumplimiento de su sentencia y hasta un monto no mayor de diez (10) días mensuales durante los períodos de cumplimiento de su sentencia subsiguientes al primer año.

Las bonificaciones antes mencionadas podrán efectuarse durante el tiempo en que cualquier persona acusada de cometer cualquier delito hubiere permanecido privada de su libertad, sujeto a lo dispuesto en los párrafos anteriores.

Las bonificaciones dispuestas podrán hacerse también por razón de servicios excepcionalmente meritorios o en el desempeño de deberes de suma importancia en relación con funciones institucionales, según disponga el Secretario mediante reglamentación a esos efectos.

Disponiéndose, que todo miembro de la población correccional sentenciado a la pena de noventa y nueve (99) años antes del 20 de julio de 1989, incluyendo aquel miembro de la población correccional cuya condena haya dado lugar a una determinación de reincidencia agravada o de reincidencia habitual, ambas situaciones conforme al Código Penal derogado, será bonificado a tenor con lo dispuesto en este Artículo". *Id.* Art.12.

de 11 de noviembre de 2022 del DCR (Reglamento de Bonificación), establece que, al amparo del artículo 11 del Plan 2-2011, según enmendado, la otorgación de la bonificación por buena conducta y asiduidad se hará acorde a los siguientes incisos:

A. Aplicabilidad: Estas bonificaciones aplicarán a toda persona sentenciada a cumplir término de reclusión bajo cualquier Código Penal de Puerto Rico o ley penal especial que en sus disposiciones no las excluya, incluyendo a:

1. los que se encuentran confinados en las instituciones correccionales;
2. los que se encuentren cumpliendo sentencia en una Institución Federal bajo el Acuerdo de Entendimiento entre el Negociado de Prisiones Federales y el Departamento de Corrección y Rehabilitación;
3. los que están cumpliendo el restante de su sentencia de reclusión a través de un permiso concedido a tenor con lo dispuesto en el Plan de Reorganización;
4. los que se encuentran recluidos en cualquier entidad gubernamental o privada como parte de un programa de rehabilitación;
5. los que se encuentren disfrutando del privilegio de libertad bajo palabra; y
6. los que fueron sentenciados a cumplir termino de reclusión de noventa y nueve (99) anos antes del día 20 de julio de 1989 incluyendo aquellos miembros de la población correccional cuya condena haya dado lugar a una determinación de reincidencia agravada o reincidencia habitual, (ambas situaciones conforme al Código Penal derogado).[13]

Asimismo, de conformidad con la enmendatoria Ley Núm. 85-2024, "[e]n caso de la persona convicta de asesinato en primer grado, un delito cuya pena sea de noventa y nueve (99) años o reincidencia habitual la persona podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir veinticinco (25) años de su sentencia, o diez (10) años, si se trata de un menor de edad procesado y sentenciado como adulto. Las personas convictas al amparo del inciso (c) del Artículo 93 estarán excluidas del privilegio de libertad bajo palabra".[14]

---

[13] Art. V (A) del Reglamento de Bonificación.
[14] Enmienda el Art. 308 del Código Penal de Puerto Rico de 2012. 33 LPRA § 5416.

### III.

En lo que respecta a este recurso, Cariño Figueroa fue convicto por asesinato en primer grado con una condena de noventa y nueve (99) años. También, fue sentenciado por violaciones al Art. 404 de la Ley de Sustancias Controladas de Puerto Rico, y al Art. 5.06 de la Ley de Armas, con una condena de dos (2) años y un (1) año respectivamente. De la *Hoja de Control Sobre Liquidación de Sentencias* del 23 de agosto de 2023 se desprende que, para bonificar al mínimo de su sentencia son veinticinco (25) años naturales. Esto de conformidad al claro mandato de la Ley Núm. 85-2024 para las personas convictas por un delito cuya pena sea de noventa y nueve (99) años.

Así las cosas, Cariño Figueroa podrá comenzar a bonificar al mínimo de su sentencia a partir del 24 de marzo de 2031. Debe haberse cumplido veinticinco (25) años naturales de la sentencia podrá ser referido a la Junta de Libertad Bajo Palabra. Lo antes expuesto fue explicado a Cariño Figueroa por la División de Remedios Administrativos del DCR. No hubo error, prejuicio o parcialidad en el proceder de la Agencia recurrida.

A tenor con el estándar de revisión establecido en la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38 de 30 de junio de 2017, según enmendada[15] (LPAU), y su jurisprudencia interpretativa,[16] procede confirmar la determinación recurrida.

### IV.

Por los fundamentos expuestos, se *confirma* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[15] 3 LPRA § 9601 *et seq.*

[16] Véase: *T-JAC* v. *Caguas Centrum*, 148 DPR 70 (1999) ; *Mun. de San Juan* v. *Plaza Las Américas*, 169 DPR 310, 323 (2006); *Hernández Álvarez* v. *Centro Unido*, 168 DPR 592, 615–616 (2006). *Metropolitana, S.E.* v. *ARPE*, 138 DPR 200, 213 (1995); *Viajes Gallardo* v. *Clavell*, 131 DPR 275, 289–290 (1992); *García* v. *Cruz Auto Corp.*, 173 DPR 870 (2008); *Vélez* v. *ARPE*, 167 DPR 684 (2006); *Rivera Concepción* v. *ARPE*, 152 DPR 116, 123 (2000); *ELA.* v. *P.M.C.*, 163 DPR 478 (2004); *Misión Ind. P.R.* v. *Junta de Planificación*, 146 DPR 64, 130 (1998); *ARPE* v. *Junta de Apelaciones sobre Construcciones y Lotificaciones*, 124 DPR 858 (1989); *Rivera*, 152 DPR en la pág. 116; *Fac. C. Soc. Aplicadas, Inc.* v. *C.E.S.*, 133 DPR 521 (1993).